FIRST CIRCUIT COURT
STATE OF HAWAII
FILED

2004 OCT 18  PM 4:55

H. CHING
CLERK

ERIC A. SEITZ
ATTORNEY AT LAW
A LAW CORPORATION

ERIC A. SEITZ          1412
LAWRENCE I. KAWASAKI   5820
820 Mililani Street
Suite 714
Honolulu, Hawaii  96813
Telephone: (808) 533-7434

Attorneys for Plaintiffs


IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

FOR THE STATE OF HAWAII

| | |
|---|---|
| RALPH   NADER, PETER MIGUEL CAMEJO, AND ROBERT H. STIVER,<br><br>          Appellants,<br><br>     vs.<br><br>DWAYNE  D.  YOSHINA, Chief Election Officer, State of Hawaii,<br><br>          Appellee. | CIVIL NO.  **04-1-1905-10**<br><br>NOTICE  OF APPEAL FROM ADMIN-ISTRATIVE  DECISION  OF OFFICE OF ELECTIONS DATED OCTOBER 18, 2004;  AFFIDAVIT  OF ROBERT H. STIVER;  EXHIBITS  1-7;  MEMO-RANDUM OF LAW;  CERTIFICATE OF SERVICE |


NOTICE OF APPEAL FROM ADMINISTRATIVE DECISION
OF OFFICE OF ELECTIONS DATED OCTOBER 18, 2004

TO:  DWAYNE D. YOSHINA
     Chief Election Officer
     Office of Elections
     State of Hawaii

     Appellee


     MARK J. BENNETT, ESQUIRE
     Attorney General
     State of Hawaii


EXHIBIT 9

Aaron H. Schulaner, Esquire
Russell A. Suzuki, Esquire
Holly T. Shikada, Esquire
Deputy Attorneys General
State of Hawaii
225 Queen Street
Honolulu, Hawaii  96813

Attorneys for Appellee

PLEASE TAKE NOTICE that Appellants RALPH NADER, PETER MIGUEL CAMEJO, AND ROBERT H. STIVER, by and through their undersigned attorneys, hereby appeal to the Circuit Court of the First Circuit, State of Hawaii, from the decision of the Office of Elections dated October 18, 2004, rejecting petitions filed in behalf of Appellants Nader and Camejo to be placed on the ballot in the State of Hawaii for the statewide election to be conducted on November 2, 2004.

This appeal is brought pursuant to Hawaii Revised Statutes Section 91-14, inter alia, and is based upon the administrative records and files herein, the attached affidavit, exhibits, and memorandum of law, and the evidence and arguments to be adduced at a hearing upon this appeal.

In light of the urgency of this matter Appellants hereby request an expedited evidentiary hearing to be conducted at the earliest possible time.

DATED:  Honolulu, Hawaii, October 18, 2004.

ERIC A. SEITZ
LAWRENCE I. KAWASAKI

Attorneys for Appellants

-2-

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

FOR THE STATE OF HAWAII

| | |
|---|---|
| RALPH NADER, et al, | ) CIVIL NO. _____ |
| | ) |
|         Appellants, | ) AFFIDAVIT OF ROBERT H. STIVER; |
| | ) EXHIBITS 1-7 |
|    vs. | ) |
| | ) |
| DWAYNE D. YOSHINA, Chief | ) |
| Election Officer, State of | ) |
| Hawaii, | ) |
| | ) |
|         Appellee. | ) |

## AFFIDAVIT OF ROBERT H. STIVER

STATE OF HAWAII         )
                        ) SS.
CITY AND COUNTY OF HONOLULU  )

      ROBERT H. STIVER, being first duly sworn on oath, deposes and says:

      (1) I am a citizen and resident of the City and County of Honolulu, State of Hawaii, and am one of the named Plaintiffs in the above entitled matter.

      (2) At all times pertinent hereto I have been a registered voter in the State of Hawaii and a supporter of the candidacies of Ralph Nader and Peter Miguel Camejo for the offices of President and Vice-President of the United States.

      (3) I am informed and believe that in or about July, 2004, Ralph Nader and Peter Miguel Camejo signed and submitted applications to the Chief Election Officer of the State of Hawaii, Dwayne D. Yoshina, to obtain petitions to place their

names on the statewide ballot for the general election to be conducted on November 2, 2004. A true and correct partial copy of the application is attached hereto as Exhibit 1.

(4) On or about September 3, 2004, the signed petitions were filed with the Office of Elections containing the names and signatures of approximately 5,600 registered voters in the State of Hawaii supporting the applications of Ralph Nader and Peter Miguel Camejo to be placed on the statewide ballot for the general election to be conducted on November 2, 2004.

(5) In a letter dated September 20, 2004, I was notified by Mr. Yoshina's office that of the signatures submitted in behalf of Ralph Nader and Peter Miguel Camejo only 3,672 were determined to be "valid," and 3,512 were determined to be "invalid" and that the number of "valid" signatures failed to satisfy the requirement of Section 11-113, Hawaii Revised Statutes, to provide at least 3,711 signatures of currently registered voters constituting one percent of the votes cast in the last presidential election. A true and correct copy of the letter dated September 20, 2004, is attached hereto as Exhibit 2.

(6) In another letter dated September 24, 2004, Mr. Yoshina informed me that the previous count of "valid" signatures was inaccurate and that the correct total is 3,124 "valid" signatures which is 587 signatures less than the mini-

mum of 3,711 needed to place the names of Ralph Nader and Peter Miguel Camejo on the statewide ballot for the general election to be conducted on November 2, 2004. A true and correct copy of the letter from Mr. Yoshina dated September 24, 2004, is attached hereto as Exhibit 3.

(7) On September 23, 2004, I sent a letter to Mr. Yoshina objecting to his decision not to place the names of Ralph Nader and Peter Miguel Camejo on the ballot and requesting a hearing thereupon. A true and correct copy of my letter dated September 23, 2004, is attached hereto as Exhibit 4..

(8) One day later Mr. Yoshina notified me by letter that a hearing would be conducted on September 29, 2004. A true and correct copy of the written hearing notice from Mr. Yoshina dated September 24, 2004, is attached hereto as Exhibit 5.

(9) Even before any hearing was conducted I am informed and believe that Mr. Yoshina exercised his authority as Chief Elections Officer to print and distribute ballots for the November 2nd election without including the names of Ralph Nader and Peter Miguel Camejo thereby prejudging any objections we might raise at a hearing and making the hearing, itself, a sham and a meaningless proceeding.

(10) Mr. Yoshina then appointed himself as the hearing officer thereby demonstrating, even without any appearances to the contrary, that the hearing we received would not be fair and impartial.

(11)   At  the  hearing  conducted  by  Mr.  Yoshina  on September  29,  2004,  evidence  was  adduced  that  many  of  the signatures   determined   by   the   Office   of   Elections   to   be "invalid"  were,  in  fact,  the  signatures  of  currently  registered voters   in   the   State   of   Hawaii  whose  names  were  difficult  to read  and/or  who  could  be  verified  by  the  use  of  post  office  box addresses  and  other  identifying  information  that  Mr.  Yoshina and  his  staff  refused  to  employ.

(12)   At  the  hearing  we  also  objected  to  the  require-ment  that  persons  signing  the  petitions  provide  their  social security  numbers,  dates  of  birth,  and  other  personal  inform-ation  that  may  deter  qualified  registered  voters  from  support-ing  potential  candidates  because  of  the  invasion  of  those voters'  privacy  rights  and  interests.

(13)   At  the  hearing  on  September  29,  2004,  it  was requested  that  the  Office  of  Elections  re-examine  the  rejected names  on  the  petitions  supporting  Ralph  Nader  and  Peter  Miguel Camejo,  which  Mr.  Yoshina  agreed  to  do.

(14)   Commencing  on  October  7,  2004,  and  for  several days  thereafter,  I  observed  staff  members  of  the  Office  of Elections  as  they  "re-examined"  and  recounted  the  petitions submitted  in  behalf  of  Ralph  Nader  and  Peter  Miguel  Camejo, although  I  was  not  permitted  to  comment  or  participate  in  the actual  process.

(15)   As  I  observed  the  Office  of  Elections  staff  re-

-4-

jected a great many signatures as illegible without making a serious effort to decipher the names and/or to use other identifying information to attempt to validate the names.

(16) As I observed the Office of Elections staff members routinely rejected and invalidated all names for which post office box addresses were listed on the petitions even in instances where the voter lists they were using contained both a street address and a post office address which matched the information provided by the signatories.

(17) On the other hand, as I observed the re-examination process several names which previously had been rejected by Office of Elections staff were accepted indicating that the original evaluation and count was severely flawed.

(18) From my direct observations the entire process of evaluating and counting names on the petitions is entirely subjective, unreliable, and unfair.

(19) Although the re-evaluation process is still not completed I am informed and believe that the ultimate result will not change, and that the Office of Elections will reject our petitions and refuse to place the names of Ralph Nader and Peter Miguel Camejo on the statewide ballot for the elections to be conducted on November 2, 2004.

(20) Because of the shortness of time to remedy the situation I am informed and believe that the names of Ralph Nader and Peter Miguel Camejo will not appear on ballots for

the November 2nd election unless the Court immediately hears and determines that we are entitled to the relief sought in this case.

(21)   The Appellants have exhausted all of their available administrative remedies and urgently seek this Court's consideration and hearing on an expedited basis to enable the names of Ralph Nader and Peter Miguel Camejo to appear on the ballot for the statewide election to be conducted on November 2, 2004.

(22)   Attached hereto as Exhibit 6 is a true and correct copy of Section 11-113, Hawaii Revised Statutes.

(23)   Attached hereto as Exhibit 7 is a true and correct copy of the relevant administrative rules of the State of Hawaii, Office of Elections, pertaining to presidential petitions.


_____
ROBERT H. STIVER


Subscribed and sworn to before me
this __18th__ day of October, 2004.

_____ (Julii T Seitz)
Notary Public, State of Hawaii

My commission expires: Jan. 4, 2008

APPLICAT[ION] [F]OR PETITION TO PLACE THE NAM[E] [OF] CANDIDATES
FOR PRESIDENT AND VICE PRESIDENT ON
THE STATE OF HAWAII GENERAL ELECTION BALLOT

## 2004 ELECTIONS

PLEASE PRINT ALL INFORMATION

Name of Presidential Candidate: _RALPH NADER_

Name of Vice Presidential Candidate: _PETER MIGUEL CAMEJO_

Name of Political Party or Group: _____

Name of Contact Person: _ROBERT STIVER_

Address: _98-434 Hoomaikani ST_

City/State/Zip Code: _PEARL CITY, HI_

Telephone: (Residence) _808-455-P823_          Email: _____

(Business) _____          Web page: _WWW. VOTENADER.ORG_

Signature of Applicant: _____          Date: _____

• • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • •

### FOR OFFICE USE ONLY

NOTARIZED STATEMENT OF INTENT RECEIVED:

| By OE Staff Member | Initials | From Party Representative | Date Received | Time Received |
|---|---|---|---|---|
| | | | | |
| | | | | |

PETITION FORMS ISSUED:

| By OE Staff Member | To Party Representative | Pty. Rep. Initials | Sets Issued | Date Issued |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

EXHIBIT 1

## AFFIDAVIT OF RALPH NADER

State of _California_

County _Los Angeles_

Ralph Nader, being duly sworn, on oath deposes and says:

1. I am a resident of the state of Connecticut residing at 53 Hillside Ave. Winsted, CT 06098 and a registered voter of this state

2. I intend to run for the office of President of the United States of America on the 2004 General Election ballot as an independent candidate in the State of Hawaii.

Further affiant sayeth not.

_(signature)_

(Ralph Nader)

Subscribed and sworn to before me this
_15_ day of _July_, _2004_

_(signature)_
Notary Public, State of _California_

My Commission Expires: _Jan 1, 2006_

DEBRA LEE LANE
Commission # 1333360
Notary Public - California
Los Angeles County
My Comm. Expires Jan 1, 2006



**STATE OF HAWAII**

**OFFICE OF ELECTIONS**

802 LEHUA AVENUE

PEARL CITY, HAWAII 96782

DWAYNE D. YOSHINA
CHIEF ELECTION OFFICER

September 20, 2004

<u>CERTIFIED MAIL/RETURN RECEIPT</u>

REC/1:30 PM, Sep 21, '04

Mr. Robert H. Stiver
98-434 Hoomailani Street
Honolulu, Hawaii 96782

Dear Mr. Stiver:

> RE:   PETITION TO PLACE THE NAMES OF CANDIDATES FOR
>       PRESIDENT AND VICE PRESIDENT ON THE STATE OF
>       HAWAII GENERAL ELECTION BALLOT

This is to notify you that Section 11-113, Hawaii Revised Statutes (HRS), establishes the deadline to file a petition to qualify to place the names for President and Vice President for on the general election ballot as 4:30 p.m. on Friday, September 3, 2004 in the State of Hawaii.

The Office of Elections received your petition on September 3, 2004.   You submitted of 7,184 signatures, of these 3,672 were valid and 3,512 were invalid.

You have failed to satisfy the requirements under Section 11-113, Hawaii Revised Statutes, by not meeting the following requirements:

1)   A petition shall be upon the form prescribed by the chief election officer containing 3,711 signatures of currently registered voters which constitute not less than one per cent of the votes cast in the State at the last presidential election (in the 2000 presidential election there were 371,033 votes cast).

EXHIBIT 2

Mr. Robert H. Stiver
September 20, 2004
Page 2

Therefore, the names of Ralph Nader and Peter Miguel Camejo will not be on the general election ballot for president and vice president.

If you object to the finding of eligibility or disqualification, you may, not later than 4:30 p.m. on the fifth day after the finding file a request in writing with the chief election officer for a hearing on the question.

A hearing shall be called not later the 4:30 p.m. on the tenth day after the receipt of the request and shall be conducted in accord with chapter 91. A decision shall be issued not later than 4:30 p.m. on the fifth day after the conclusion of the hearing.

Should you have any questions, please feel free to call myself or Lori Tomczyk at (808) 453-VOTE(8683).

Very truly yours,

Dwayne D. Yoshina
Chief Election Officer

DDY/lpt
#409017



**STATE OF HAWAII**
**OFFICE OF ELECTIONS**
802 LEHUA AVENUE
PEARL CITY, HAWAII 96782

DWAYNE D. YOSHINA
CHIEF ELECTION OFFICER

September 24, 2004

CERTIFIED MAIL/RETURN RECEIPT

RR / Sep. 25, '04

Mr. Robert H. Stiver
98-434 Hoomaliani Street
Pearl City, Hawaii 96782

Dear Mr. Stiver:

RE:    PETITION TO PLACE THE NAMES OF CANDIDATES FOR
       PRESIDENT AND VICE PRESIDENT ON THE STATE OF
       HAWAII GENERAL ELECTION BALLOT

This is to notify you that in our previous letter dated, September 20, 2004, we informed you that your petition contained 3,672 valid signatures. In proofing our calculations, it was found that the correct total is 3,124 valid signatures which is 587 signatures less than the 3,711 valid signatures needed to qualify to place the names of Ralph Nader for President and Peter Miguel Camejo for Vice President on the general election ballot.

Should you have any questions, please feel free to call myself or Lori Tomczyk at (808) 453-VOTE(8683).

Very truly yours,

DWAYNE D. YOSHINA
Chief Election Officer

DDY/lp/.ak
#409019

EXHIBIT 3

98-434 Hoomailani Street
Pearl City, Hawaii 96782
September 23, 2004

Mr. Dwayne D. Yoshina
Chief Election Officer
State of Hawaii Office of Elections
802 Lehua Avenue
Pearl City, Hawaii 96782

Dear Mr. Yoshina:

I received your letter, Re. Petition To Place the Names of Candidates for President and
Vice President On the State of Hawaii General Election Ballot, dated September 20,
2004, on September 21.

I object to your finding of disqualification of Ralph Nader and Peter Miguel Camejo
from the general election ballot for president and vice president, and I request a hearing
on the matter.

Please let me know the time and place of the hearing which you will schedule based
on this objection.

Sincerely,

Robert H. Stiver
for the Ralph Nader/Peter Miguel Camejo
 2004 Independent Party Presidential Campaign

OFFICE OF ELECTIONS

SEP 23 A8:46

Lori Tomczyk
State of Hawaii
Office of elections

EXHIBIT 4



**STATE OF HAWAII**
**OFFICE OF ELECTIONS**
802 LEHUA AVENUE
PEARL CITY, HAWAII 96782

DWAYNE D. YOSHINA
CHIEF ELECTION OFFICER

September 24, 2004

<u>CERTIFIED MAIL/RETURN RECEIPT</u>

Mr. Robert H. Stiver
98-434 Hoomaliani Street
Pearl City, Hawaii 96782

Dear Mr. Stiver:

RE:    PETITION TO PLACE THE NAMES OF CANDIDATES FOR
PRESIDENT AND VICE PRESIDENT ON THE STATE OF
HAWAII GENERAL ELECTION BALLOT

This is to confirm that pursuant to Hawaii Revised Statutes,
Section 11-113(e), you have requested a hearing on the finding that you did not qualify
to place the names of Ralph Nader for President and Peter Miguel Camejo for Vice
President on the general election ballot.

The hearing has been scheduled for:

Wedenesday, September 29, 2004 at 1:00 p.m.
Room 200, Leiopapa a Kamehameha, (State Office Tower),
235 South Beretania Street

Should you have any questions, please feel free to call myself or
Lori Tomczyk at (808) 453-VOTE(8683).

Very truly yours,

DWAYNE D. YOSHINA
Chief Election Officer

DDY/lck:sk
#409021

EXHIBIT 5

§11-113 **Presidential ballots.** (a) In presidential elections, the names of the candidates for president and vice president shall be used on the ballot in lieu of the names of the presidential electors, and the votes cast for president and vice president of each political party shall be counted for the presidential electors and alternates nominated by each political party.

(b) A "national party" as used in this section shall mean a party established and admitted to the ballot in at least one state other than Hawaii or one which is determined by the chief election officer to be making a bona fide effort to become a national party. If there is no national party or the national and state parties or factions in either the national or state party do not agree on the presidential and vice presidential candidates, the chief election officer may determine which candidates' names shall be placed on the ballot or may leave the candidates' names off the ballot completely.

(c) All candidates for President and Vice President of the United States shall be qualified for inclusion on the general election ballot under either of the following procedures:

(1) In the case of candidates of political parties which have been qualified to place candidates on the primary and general election ballots, the appropriate official of those parties shall file a sworn application with the chief election officer not later than 4:30 p.m. on the sixtieth day prior to the general election, which shall include:

(A) The name and address of each of the two candidates;

(B) A statement that each candidate is legally qualified to serve under the provisions of the United States Constitution;

(C) A statement that the candidates are the duly

Exhibit 6

to be a candidate for President or Vice President of the United States on the general election ballot in the State of Hawaii. Such statements may be withdrawn by a prospective candidate for Vice President and an alternative candidate for Vice President be substituted anytime prior to the notification of qualification or disqualification provided in subsection (d). Any such substitutions shall be accompanied by a notice of substitution satisfying subparagraph (A), a statement of intent as required by this paragraph, and a letter by the candidate for President endorsing the substitute candidate for Vice President. Upon receipt of a notice of substitution and all other required documents, the substitute shall replace the original candidate for Vice President on the general election ballot. The petitions issued in the names of the original candidates will remain valid for the purposes of this section.

(d) Each applicant and the candidates named, shall be notified in writing of the applicant's or candidate's eligibility or disqualification for placement on the ballot not later than 4:30 p.m. on the tenth business day after filing. The chief election officer may extend the notification period up to an additional five business days, if the applicants and candidates are provided with notice of the extension and the reasons therefore.

(e) If the applicant, or any other party, individual, or group with a candidate on the presidential ballot, objects to the finding of eligibility or disqualification the person may, not later than 4:30 p.m. on the fifth day after the finding, file a request in writing with the chief election officer for a hearing on the question. A hearing shall be called not later than 4:30 p.m. on the tenth day after the receipt of the request and shall be conducted in accord with chapter 91. A decision shall be issued not later than 4:30 p.m. on the fifth day after the conclusion of the hearing. [L 1970, c 26, pt of §2; am L 1973, c 217,

§1(ff); am L 1977, c 189, §1(8); am L 1983, c 34, §14; am L 1993, c 304, §6]

SUBCHAPTER 10
PRESIDENTIAL PETITIONS
§2-51-110 Presidential petitions; issuing. (a)
Any group wishing to petition to place the names of
candidates for president and vice president on the
State's general election ballots, pursuant to HRS
§11-113, shall submit a notarized statement of intent
51-77
§2-51-110
from the presidential and vice presidential candidates to
the chief election officer before receiving the petition
forms. The statement of each candidate shall be
substantially in the following form:
(1) I, (name
of candidate), hereby declare that I intend to
be a candidate for
(president or vice president) of the United
States on the (year) general
election ballot in the State of Hawaii; and
(2) Shall be subscribed and sworn or affirmed to
before a notary public.
(b) The party or group shall also provide basic
information to the chief election officer by filling out
an application form before receiving the petition forms.
An application for petition to place the names of
candidates for president and vice president on State of
Hawaii general election ballot shall be in the form
prescribed and provided by the chief election officer,
attached hereto as Appendix "G" dated July 1, 2000,
containing substantially the following information:
(1) The name of a contact person to be responsible
for the petition;
(2) The group's telephone numbers and mailing
address;
(3) The year of the election for which the petition
is being requested; and
(4) The party or group name and the names of the
candidates for president and vice president.
(c) Before issuing the petition forms, which shall
be substantially similar to a form attached hereto as
Appendix "H" dated July 1, 2000, the chief election
officer shall place on the petition the names of the
presidential and vice presidential candidates and the
party or group name. A petition will not be issued
unless the chief election officer receives the notarized
statement of intent from the presidential candidate and
the vice presidential candidate.



(d) The petition shall be void upon the fifty-ninth day prior to the general election for which it is issued. [Eff and comp 9/16/96; am 9/18/98; am and comp SEP 18 2000] (Auth: HRS §11-4) (Imp: HRS §11-113)

51-78

§2-51-111

§2-51-111 Presidential petitions; withdrawal of signatures. (a) Any voter who signed a presidential petition pursuant to HRS §11-113, may withdraw the voter's signature by submitting a written notice to the chief election officer any time prior to the filing of the petition. The written notice to withdraw shall contain the following:

(1) The date of the notice;

(2) The name, social security number, address, and date of birth of the voter requesting removal of the signature from the petition;

(3) The signature of the voter under the name in which the voter is registered to vote;

(4) The name of the presidential petition from which the signature should be removed; and

(5) A statement that the voter wishes to withdraw the voter's signature from the petition.

(b) Upon receipt of a written notice to withdraw containing the information provided in subsection (a) prior to the filing of the petition, the chief election officer shall notify the group or individuals to whom the petition was issued that the signature of the voter will not be counted.

(c) Upon receipt of the petition for filing, the chief election officer shall:

(1) Verify that the signature on the written notice to withdraw corresponds with the voter's signature on the petition; and

(2) If the signature corresponds, cross out the voter's signature in black ink and indicate that the voter has withdrawn the voter's signature.

(d) If the written notice to withdraw is received by the chief election officer after the petition has been filed, then the chief election officer shall notify the voter, in writing, that the voter's notice was not received in time and was not accepted. [Eff and comp 9/16/96; comp SEP 18 2000] (Auth: HRS §11-4) (Imp: HRS §§11-6, 11-113)

§2-51-112 Presidential petitions; qualification of signatories. To determine whether an individual is qualified to sign a presidential petition, the chief

51-79
§2-51-113
election officer or designated representative shall
determine whether the signatory is an active registered
voter by checking the statewide voter registration
system; provided that a properly executed voter
registration form shall be effective if it is received by
the clerk and the affiant's name has been entered in the
statewide voter registration system on or before the date
on which the petition is filed. [Eff and comp 9/16/96;
comp SEP 18 2000] (Auth: HRS §11-4) (Imp: HRS §11-113)
§2-51-113 Presidential petitions; verification of
signatories. (a) Upon receipt of a presidential
petition, the chief election officer or designated
representative shall verify within ten business days
whether the petition has met the requirements of HRS
§11-113.
(b) Upon receipt of a petition containing at least
the minimum number of signatures required pursuant to HRS
§11-113(c)(2)(b), the chief election officer or
designated representative shall verify whether the
signatory is eligible to sign the petition. To be
eligible, the signatory must be a registered voter in
Hawaii and must appear in the statewide voter
registration system as an active registered voter.
(1) If the signatory on the petition exists as an
active registered voter in the statewide voter
registration system, then the signatory shall be
counted;
(2) If the signatory on the petition does not exist
as an active registered voter in the statewide
voter registration system, then the signatory
shall not be counted;
(3) If there are duplicate signatories on a party
petition, and the signatory is an active
registered voter, then the signatory shall be
counted once; and
(4) If the signatory does not provide all of the
required information on the petition or if the
information is not legible, then the signatory
may not be counted.
(c) A voter who withdraws the voter's signature from
the petition in accordance with section 2-51-111
51-80
§2-51-113
shall not be verified or counted.
(d) The chief election officer or designated

representative may verify that the voter's signature on
the petition corresponds with the voter's signature on
the voter's registration form. If the signature does not
correspond, then the voter's signature on the petition
shall not be counted. The chief election officer or
designated representative shall indicate on the petition
that the voter's signature is invalid because it does not
match the signature on the voter's registration form.
(e) The chief election officer or designated
representative may verify only as many signatories as
needed to ensure that the presidential and vice
presidential candidates has met the signature
requirements of HRS §11-113. [Eff and comp 9/16/96; am
and comp SEP 18 2000] (Auth: HRS §11-4) (Imp: HRS
§11-113)
§§2-51-114 to 2-51-129 (Reserved)

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

FOR THE STATE OF HAWAII

| | | |
|---|---|---|
| RALPH NADER, et al, | ) | CIVIL NO. _____ |
| | ) | |
| Appellants, | ) | MEMORANDUM OF LAW |
| | ) | |
| vs. | ) | |
| | ) | |
| DWAYNE D. YOSHINA, Chief Election Officer, State of Hawaii, | ) | |
| | ) | |
| | ) | |
| Appellee. | ) | |
| | ) | |

## MEMORANDUM OF LAW

### Introduction

Appellants Ralph Nader and Peter Miguel Camejo are independent candidates for election to the offices of President and Vice-President of the United States. They actively are seeking to be named on the statewide ballot for the up-coming November 2nd election. Appellant Robert H. Stiver is a Hawaii resident and registered voter who is supporting and assisting the campaign efforts of candidates Nader and Camejo. See Affidavit of Robert H. Stiver, attached hereto [hereinafter "Stiver Affidavit"].

### Factual Background

On or about September 3, 2004, Appellant Stiver, in behalf of the campaigns of Plaintiffs Nader and Camejo, filed signed petitions with the Office of Elections of the State of Hawaii for the purposes of having the names of Ralph Nader and

Peter Miguel Camejo placed on ballots in the State of Hawaii for the presidential elections scheduled to be conducted on November 2, 2004. The petitions were obtained, signed, and filed in accordance with the requirements of Section 11-113, Hawaii Revised Statutes [hereinafter "Section 11-113"] (attached hereto as Exhibit 7), which establishes the procedure by which independent candidates may become entitled to have their names on the statewide ballot for general elections conducted in Hawaii.

Section 11-113 requires that the applications of independent presidential candidates be supported by at least one percent of the number of registered voters who actually voted in the previous presidential election. In accordance with the formula established by Section 11-113, the Hawaii Office of Elections has determined that the current threshhold number of required signatures for independent presidential elections is 3,711 [Exhibit 2].

In accordance with its applicable rules and regulations [Exhibit 8], the Hawaii Office of Elections examines each of the petitions filed by independent candidates to verify whether signatories are, in fact, registered voters in the State of Hawaii. The verification process involves, first, deciphering each handwritten name on the petition and then utilizing other identifying information provided by each signatory to determine if the individual's name is listed as

"active" in the State Voter Registration System. The inform-
ation utilized in the verification process includes social
security number, date of birth, and address [Exhibit 8].

In fact, if the Office of Elections staff encounters
any difficulty deciphering a signatory's name that signature
routinely is rejected even if there is a similar name on the
current list of registered voters that matches the signatory's
address or other information provided on the petition. If a
signatory provides only a post office box address that signa-
ture also routinely is rejected and will not be counted even if
the current voter list contains both a street address and the
exact same post office box address for the named person [Stiver
Affidavit].

In the instant case the Office of Elections claims
to have received 7,184 signatures on petitions filed in behalf
of candidates Ralph Nader and Peter Miguel Camejo of which only
3,672 initially were determined to be "valid," and 3,512 were
rejected as "invalid" [Exhibit 2]. A few days later the number
of "valid" signatures inexplicably was reduced to 3,124 --
which is 587 signatures less than the required minimum of 3,711
[Exhibit 3]. No reasons ever were given for the large number
of signatures that were rejected.

Pursuant to Section 11-113(e), Hawaii Revised Stat-
utes, Appellants made a timely request for an administrative
hearing to contest and review the decision of the Office of

-3-

Elections rejecting the names of Ralph Nader and Peter Miguel Camejo for the November 2nd ballot [Exhibit 4]. Before any hearing was conducted, however, Appellee took two decisive actions that clearly indicated that the hearing would be a meaningless and empty proceeding: (1) he ordered that ballots be printed and mailed out to absentee voters even before he considered any of the issues to be presented at the hearing by Appellants, and (2) he appointed himself as the hearing officer.

At the hearing on September 29, 2004, Appellee agreed to re-evaluate and recount the signatures submitted in behalf of Ralph Nader and Peter Miguel Camejo, but more than two weeks thereafter no results have been issued. Nevertheless, having observed the process employed in the recount, Appellants have no confidence that it will produce a fair result and/or that Appellee will change the position set forth in his earlier letter (Exhibit 2). Indeed, Appellee has announced publicly that he cannot and therefore will not reprint and distribute corrected ballots in time for the November 2nd even if he is ordered to do so!

<u>Argument</u>

Although the United States Constitution in Article II and the Twelfth and Twentieth Amendments confers power upon the states to conduct and regulate elections for the offices of President and Vice President, that authority is subject to the

protections of both the First and Fourteenth Amendments, <u>inter alia</u>, guaranteeing each individual's rights to free expression and the free exercise of "the privileges or immunities of citizens of the United State." Fourteenth Amendment to the United States Constitution. See, e.g., <u>Illinois State Board of Elections v. Socialist Workers Party</u>, 440 U.S. 173, 59 L.Ed.2d 230, 99 S. Ct. 983 (1979); <u>Greaves v. State Board of Elections of North Carolina</u>, 508 F. Supp. 78 (E.D.N.C. 1980); <u>DeLaney v. Bartlett</u>, ___ F. Supp. ___, 2004 WL 1689757 (M.D.N.C. 7-26-2004).

In <u>Illinois State Board of Elections v. Socialist Workers Party</u>, <u>supra</u>, the Supreme Court recognized the fundamental rights of individuals to associate for political beliefs and to cast their votes effectively in the face of unreasonable state restrictions upon access to the ballot. In striking down provisions of the Illinois Election Code the unanimous Court observed that

> [w]hen such vital individual rights are at stake, a State must establish that its class-ification is necessary to serve a compelling interest . . . [and] may not choose "means that unnecessarily restrict constitutionally protected liberty."

<u>Illinois State Board of Elections v. Socialist Workers Party</u>, 440 U.S. 184-85 (Quoting <u>Kusper v. Pontikes</u>, 414 U.S. 51, 58-59, 38 L.Ed.2d 260, 94 S. Ct. 303 (1973)).

In <u>Cromer v. South Carolina</u>, 917 F.2d 819 (4th Cir. 1990), the Court of Appeals noted that independent cand-

idates normally must be afforded easier access to statewide ballots than newly formed political parties. And in Delaney v. Bartlett, ___ F.Supp. ___, 2004 WL 1689757 (M.D.N.C. 7-26-2004) a United States District Judge held recently that North Carolina's eligibility requirements for independent candidates impose "an unconstitutional burden on the rights of unaffiliated candidates and their supporters" because the state had failed to demonstrate sufficient reasons for the restrictions and/or that it had employed the "least restrictive means" to meet its objectives.

In Burdick v. Takushi, 504 U.S. 428 (1992), the United States Supreme Court held that it was permissible for Hawaii to prohibit write-in candidates because the statewide elections system held out so many other avenues for independent and minority party candidates to obtain access to the ballot. It is submitted that the basic premise for the Court's decision in Burdick has been severely undermined by the admittedly sloppy and restrictive processes and practices of the Office of Elections that have been demonstrated herein.

The evaluation and counting process is severely skewed and, more likely than not, results in unfair determinations that bar potential candidates from having their names placed on the statewide ballots as was the case for the Appellants herein. No two counts ended with the same results, thereby raising serious questions about the integrity of the

process itself. If the staff encountered any difficulty reading the names on petitions those signatories simply were rejected. Even where the names could have been verified by use of post office box addresses appearing on both the petitions and the official voter rolls, the Office of Elections staff did not even attempt to make the comparisons. In short, the Office of Elections procedures and practices employed herein are designed to eliminate names, rather than to validate them, and to frustrate the efforts of legitimate and serious candidates rather than to insure and protect the vital First and Fourteenth Amendment rights that are at stake in the electoral process.

Moreover, it is submitted that the State's efforts to solicit and utilize private information such as social security numbers and dates of birth effectively deter potential signatories because of very legitimate concerns about personal privacy and the possible misuse of such information. Because the current process may thereby discourage registered voters from supporting independent candidates of their choice, there is an impermissible burden placed upon such candidates which makes it even more difficult for them to qualify to have their names placed on the statewide ballot in Hawaii.

Finally, in clear violation of the right to a fair and impartial hearing, Appellee appointed himself as the hearing officer and conducted the hearing after he already had taken decisive steps indicating what the outcome of that hear-

ing would be. Appellants never had any process -- let alone "due process" -- afforded to them under circumstances where there is concrete and irrefutable evidence that candidates Nader and Camejo actually did produce the signatures of more than enough registered voters who wanted the candidates' names to appear on the ballot for the November 2nd election in Hawaii.

Conclusion

Because the Appellee and his staff have severely undermined and trampled upon fundamental guarantees of fair and democratic elections -- rather than protected them -- it is submitted that Appellants are entitled to the issuance of appropriate and timely relief to uphold and enforce their important constitution rights herein.

DATED: Honolulu, Hawaii, October 18, 2004.

ERIC A. SEITZ
LAWRENCE I. KAWASAKI

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I  DO  HEREBY CERTIFY that one copy of the within was duly  served  this date by personal delivery to the following at the address listed below:

Mark J. Bennett, Esquire
Attorney General
State of Hawaii

Aaron H. Schulaner, Esquire
Russell A. Suzuki, Esquire
Holly T. Shikada, Esquire
Deputy Attorneys General
State of Hawaii
235 So. Beretania Street
Room 304
Honolulu, Hawaii  96813

Attorneys for Appellee
Dwayne D. Yoshina

DATED:  Honolulu, Hawaii, October 18, 2004.

_____
ERIC A. SEITZ