ERIC A. SEITZ
ATTORNEY AT LAW
A LAW CORPORATION

ERIC A. SEITZ          #1412
LAWRENCE I. KAWASAKI   #5820
820 Mililani Street, Suite 714
Honolulu, Hawai'i 96813
Telephone:  (808) 533-7434

Attorneys for Appellants

FIRST CIRCUIT COURT
STATE OF HAWAII
FILED

2005 APR 13 PM 2: 56

F. OTAKE
CLERK

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAI'I

| | | |
|---|---|---|
| MICHAEL A. PEROUTKA, CHUCK BALDWIN, and DAVID P. PORTER, | ) ) ) | CIVIL NO. 04-1-1904-10 (SSM) |
| Appellants, | ) ) | APPELLANTS' JOINT NOTICE OF APPEAL; EXHIBITS A-D; |
| vs. | ) ) | CERTIFICATE OF SERVICE |
| DWAYNE D. YOSHINA, Chief Elections Officer, State of Hawaii, | ) ) ) ) | |
| Appellees. | ) ) | |
| | ) | CIVIL NO. 04-1-1905-10 (SSM) |
| RALPH NADER, PETER MIGUEL CAMEJO, and ROBERT H. STIVER, | ) ) ) | |
| Appellants, | ) ) | |
| vs. | ) ) | HEARING: November 1, 2004 Judge: Sabrina S. McKenna |
| DWAYNE D. YOSHINA, Chief Elections Officer, State of Hawaii, | ) ) ) ) | |
| Appellees. | ) ) | |

APPELLANTS' JOINT NOTICE OF APPEAL

Notice is hereby given that Appellants MICHAEL A.

PEROUTKA, CHUCK BALDWIN, DAVID W. PORTER, and RALPH NADER, PETER

EXHIBIT 10

MIGUEL CAMEJO, ROBERT H. STIVER, by and through their undersigned attorneys, pursuant to Sections 91-15, 641-1, Haw. Rev. Stat., and Rule 3, Hawai'i Rules of Appellate Procedure, jointly appeal to the Supreme Court and Intermediate Court of Appeals of the State of Hawai'i from the Decisions of the Court and Orders filed November 23, 2004 affirming the Decisions of DWAYNE D. YOSHINA dated October 5, 2004, and October 18, 2004 both of which are attached hereto as Exhibits A and B respectively, and the Final Judgments thereon filed on April 5, 2005 both of which are attached hereto as Exhibits C and D respectively.

DATED:   Honolulu, Hawai'i, _____April 13, 2005_____.


ERIC A. SEITZ
LAWRENCE I. KAWASAKI

Attorneys for Appellants
MICHAEL A. PEROUTKA,
CHUCK BALDWIN,
DAVID W. PORTER, and

RALPH NADER,
PETER MIGUEL CAMEJO,
ROBERT H. STIVER

2

MARK J. BENNETT      2672
Attorney General of Hawaii

AARON H. SCHULANER   6954
HOLLY T. SHIKADA     4017
Deputy Attorneys General
235 S. Beretania Street, Room 304
Honolulu, Hawaii 96813
Telephone: (808) 586-1255
Facsimile: (808) 586-1488
E-mail: aaron.h.schulaner@hawaii.gov

Attorneys for Appellee

FIRST CIRCUIT COURT
STATE OF HAWAII
FILED

2004 NOV 23  AM 9: 22

F. OTAKE
CLERK

IN THE CIRCUIT COURT FOR THE FIRST CIRCUIT

STATE OF HAWAI'I

| | |
|---|---|
| MICHAEL A. PEROUTKA, CHUCK BALDWIN, AND DAVID W. PORTER,<br><br>Appellants,<br><br>vs.<br><br>DWAYNE D. YOSHINA, Chief Election Officer, State of Hawaii,<br><br>Appellee. | CIVIL NO. 04-1-1904-10 (SSM)<br><br>~~DECISION OF THE COURT~~<br>~~FINDINGS OF FACT, CONCLUSIONS OF~~<br>~~LAW, AND ORDER~~<br><br>DATE:   November 1, 2004<br>TIME:   11:30 a.m.<br>JUDGE: Hon. Sabrina S. McKenna |

DECISION OF THE COURT

~~FINDINGS OF FACT, CONCLUSIONS OF LAW,~~ AND ORDER

The hearing on the appeal filed in this matter was heard before the Honorable Sabrina McKenna on November 1, 2004. Appellants Michael A. Peroutka, Chuck Baldwin, and David W. Porter ("Appellants") were represented by Eric A. Seitz, Esq. Appellee Dwayne D. Yoshina was represented by Deputy Attorney General Aaron H. Schulaner ("Apellee").

This is a review from an administrative agency. Such reviews are to be conducted by the Court pursuant to the criteria under HRS § 91-14(g). According to that subsection, upon review of the record, the Court may affirm the decision of the agency or remand the case with

116832_1.DOC

EXHIBIT A

instructions for further proceedings, or it may reverse or modify the decision and order if the

substantial rights of the petitioner's may have been prejudiced because the administrative

findings, conclusions, decisions, or orders are (1) in violation of constitutional or statutory

provisions; or (2) in excess of the statutory authority or jurisdiction of the agency; or (3) made

upon unlawful procedure; or (4) affected by other error of law; or (5) clearly erroneous in view

of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary, or

capricious, or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

The Court, having the opportunity to review the record and documents filed in this appeal,

and the parties having the opportunity to present their arguments, finds and rules as follows:

## <u>FINDINGS OF FACT</u>

If it should later be determined that any of these findings of fact should be properly

deemed conclusions of law, they shall be deemed as such.

1.    In order for individuals to qualify for inclusion on the general election presidential

ballot as president and vice president, the individuals must either be designated by a qualified

political party or the individuals must petition to be on the presidential ballot.  HRS § 11-

113(c)(1) & (2).

2.    The Appellants were not designated by a qualified political party and thus needed

to petition to be placed on the presidential ballot.

3.    The Chief Election Officer is statutorily authorized to promulgate administrative

rules and regulations to carry out the election laws he is responsible for carrying out.  HRS § 11-

4.

4.    The Chief Election Officer has promulgated administrative rules to address the

requirements of HRS § 11-113.

116832_1.DOC                                    2

5.    The law provides that the petition shall contain the signatures of currently registered voters, which constitute not less than one per cent of the votes cast in the State at the last presidential election. HRS § 11-113.

6.    In the 2000 presidential election, 371,033 votes were cast in Hawaii. As such the signature requirement is 3,711 for the 2004 presidential petition.

7.    The law also provides that the petition shall be upon a form prescribed and provided by the Chief Election Officer. HRS § 11-113.

8.    The form is prescribed by the Chief Election Officer through administrative rule HAR § 2-51-110.

9.    The form contains the following columns for the voter to fill out (1) "Print Your Name Here," (2) "Sign the Name Under Which You Are Registered to Vote," (3) "Print the Residence Address at Which You are Registered to Vote," (4) "Birth Date," and (5) "Date Signed." There is additionally a column for the voter's "Social Security Number," however completing this column is optional. The signatory is required to provide all of the relevant information in order to verify the identity of the signature as a currently registered voter.

10.    The law provides for the manner in which it is determined whether an individual is qualified to sign the petition. HAR § 2-51-112. Specifically, the signatory is checked against the statewide voter registration system ("SVRS") to determine if he is an active registered voter. The SVRS allows for voter records to be pulled up by either social security number or name. As such, it is critical that signatories comply with the requirement of printing their name in order to avoid illegibility issues, which will result in the record not be being accessible.

11.    After the voter's record is either pulled up by name or social security number, the law provides for the manner in which the signatory will be validated: (1) if the signatory on the petition exists as an active registered voter in the SVRS, then the signatory is counted; (2) if the signatory does not exist as an active registered voter in the SVRS, then the signatory is not counted; (3) if there are duplicate signatures, and the signatory is an active registered voter, then the signatory is counted once; and (4) "if the signatory does not provide all of the required information on the petition or if the information is not legible, then the signatory may not be counted." HAR § 2-51-113(b)(1)-(4).

12.    On September 3, 2004, Appellants filed their petition to place Michael Peroutka and Chuck Baldwin on the presidential ballot as president and vice president.

13.    The procedures of Hawaii Administrative Rules ("HAR") § 2-51-113(b)(1)-(4) were followed in verifying the signatures.

14.    Most signatories did not provide their social security number.

15.    The Court in reviewing the record found that many of the names submitted were not legible.

16.    On September 20, 2004, the Office of Elections issued a letter informing the Appellants that they had failed to meet the requisite amount of signatures necessary for inclusion on the presidential ballot.

17.    The Office of Elections in proofing its calculations, discovered that the numbers initially released needed to be revised.

18.    By letter on September 24, 2004, Appellants were informed of the revised calculations.

19.    On September 24, 2004, Appellants submitted a written request for a hearing.

20.    A contested case hearing was subsequently held pursuant to HRS Section 11-113, on September 3 O, 2004.

21.    Over the objection of the Appellants the Chief Election Officer presided over the contested case hearing.

22.    The Chief Election Officer issued his Findings of Fact, Conclusions of Law, and Decision on October 5, 2004.

23.    The Chief Election Officer determined that Appellants had failed to submit the requisite number of valid signatures required by HRS § 11-113, and as such did not qualify for inclusion on the presidential ballot.

24.    Appellants subsequently filed a lawsuit on October 8, 2004, together with fellow presidential aspirant Ralph Nader, in the United States District Court for the District of Hawaii taking issue with the constitutionality of the State's requirements for signatures for presidential petitions. Nader, et al. v. Yoshina, Civ. No. 04-00611 DAE-LEK.

25.    On October 13, 2004, the U.S. District Court denied Plaintiffs' Motions for Temporary Restraining Order/Preliminary Injunction.

26.    Appellants, subsequently on October 18, 2004, filed the present notice of appeal of the contested case hearing, in which they allege essentially that the procedures followed by the Office of Elections violated due process and that the decisions by the Chief Election Officer were arbitrary, capricious, or characterized by abuse of discretion, or clearly unwarranted exercises of discretion.

## CONCLUSIONS OF LAW

If it should be later determined that any of these conclusions of law should be properly deemed findings of fact, they shall be deemed as such.

1.    Our appellate courts have repeatedly held that legislative enactments are presumptively constitutional, and a party challenging the statutory scheme has the burden of showing unconstitutionality beyond a reasonable doubt, and the constitutional defect must be clear, manifest, and unmistakable.

2.    In this case the Court cannot find that there is a clear, manifest and unmistakable constitutional defect in terms of the procedures used in verifying signatures, or in allowing the Chief Election Officer to act as the hearings officer to hear Appellants' objection to their disqualification.

3.    The Court cannot find unconstitutionality beyond a reasonable doubt, particularly because legislative enactments are presumptively constitutional, and this presumption is binding on trial courts.

4.    If a law or procedure is to be held unconstitutional, unless it is clear, manifest, and unmistakable that it is unconstitutional, it is up to the appellate courts to find unconstitutionality.

5.    The Court does not find that it is clear, manifest, and unmistakable that the relevant laws or procedures are unconstitutional.

6.    The United States Supreme Court has been held, that when a state election law imposes reasonable non-discriminatory restrictions upon the First and Fourteenth Amendment rights of voters, the state's important regulatory interest are generally sufficient to justify the restrictions. Anderson vs. Celebrezze, 470 U.S. 780 (1983).

7.    The Ninth Circuit Court of Appeals has held that Hawaii can constitutionally regulate its elections by limiting access of nonpartisan candidates to the general election ballot, and by imposing different requirements as between nonpartisan and partisan candidates. Erum v. Cayetano, 881 F.2d 689 (9th Cir. 1989). This is consistent with the United States Supreme Court

prior holding which allowed different treatment of partisan versus independent candidates.

American Party of Texas vs. White, 415 U.S. 767 (1974).

8.    The Court notes that the Ninth Circuit Court of Appeals has consistently held that election cases are different from ordinarily injunction cases, and interference with an election after voting has begun is unprecedented.

9.    In this case the law does allow the Chief Elections Officer to issue administrative rules and pursuant to that power the administrative rules were promulgated. HRS § 11-4.

10.    When petitions are submitted to place individuals on the presidential ballot, the Chief Election Officer or designated representative verifies the eligibility of the signatures. HAR § 2-51-113.

11.    The signatory must be a registered voter in Hawaii and must appear in the statewide voter registration system as an active registered voter.

12.    The same administrative rule says if the signatory does not provide all of the required information on the petition or if information is not legible, then the signatory may not be counted.

13.    The Court finds these administrative rules to be reasonable restrictions.

14.    The Court, having reviewed the record on appeal, does not find that the actions taken or the decisions below were arbitrary or capricious in any way.

15.    The Appellants have raised the issue of the appropriateness of the Chief Election Officer conducting the underlying administrative hearing.    Appellants believe it would be meaningless for the Court to consider remanding the matter to a separate hearings officer under the circumstances of the case, but instead seek for the underlying decision to be overturned.

16. **In** terms of due process, the Supreme Court of Hawaii has made it very clear that fundamentals of just procedure also apply to agency hearings. An independent adjudicator is essential to the attainment of the goal that justice be done, and that it be seen to be done. Sifagaloa vs. Board of Trustee, 74 Haw. 181 (1992).

17. However, the Supreme Court of Hawaii in the same case clearly held that administrators serving as adjudicators are presumed to be unbiased, and the presumption can be rebutted by a showing of disqualifying interest either pecuniary or institutional.

18. In this case the Chief Election Officer has no pecuniary interest.

19. In terms of institutional interest, the Chief Election Officer's only interest is to see that fair elections be conducted. *the court concludes that there is not* 

20. As such, ~~I do not see~~ the type of institutional interest that would be required to overturn his decision.

ORDER

IT IS HEREBY ORDERED that the underlying administrative hearing decision is affirmed.

DATED: Honolulu, Hawaii, ~~NOV 22 2004~~ 2004.

_____
JUDGE OF THE ABOVE-ENTITLED COURT

APPROVED AS TO FORM:

_____
ERIC A. SEITZ, ESQ.
Attorney for Appellants

MICHAEL A. PEROUTKA, ET AL. V. DWAYNE D. YOSHINA, CIVIL NO. 04-1-1904-10 (SSM); FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER

MARK J. BENNETT    2672
Attorney General of Hawaii

AARON H. SCHULANER    6954
HOLLY T. SHIKADA    4017
Deputy Attorneys General
235 S. Beretania Street, Room 304
Honolulu, Hawaii 96813
Telephone: (808) 586-1255
Facsimile: (808) 586-1488
E-mail: aaron.h.schulaner@hawaii.gov

Attorneys for Appellee

FIRST CIRCUIT COURT
STATE OF HAWAII
FILED

2004 NOV 23   AM 9: 19

F. OTAKE
CLERK

IN THE CIRCUIT COURT FOR THE FIRST CIRCUIT

STATE OF HAWAI'I

PLEASE NOTE CHANGES

| | |
|---|---|
| RALPH NADER, PETER MIGUEL CAMEJO, AND ROBERT H. STIVER, | CIVIL NO. 04-1-1905-10 (SSM) ~DECISION OF THE COURT~ 鬼. ~FINDINGS OF FACT, CONCLUSIONS OF LAW,~ AND ORDER |
| Appellants, | |
| vs. | |
| DWAYNE D. YOSHINA, Chief Election Officer, State of Hawaii, | DATE:  November 1, 2004 TIME:  11:30 a.m. JUDGE: Hon. Sabrina S. McKenna |
| Appellee. | |

_DECISION OF THE COURT_ 鬼.
~FINDINGS OF FACT, CONCLUSIONS OF LAW,~ AND ORDER

The hearing on the appeal filed in this matter was heard before the Honorable Sabrina McKenna on November 1, 2004. Appellants Ralph Nader, Peter Miguel Camejo, and Robert H. Stiver ("Appellants") were represented by Eric A. Seitz, Esq. Appellee Dwayne D. Yoshina was represented by Deputy Attorney General Aaron H. Schulaner ("Apellee").

This is a review from an administrative agency. Such reviews are to be conducted by the Court pursuant to the criteria under HRS § 91-14(g). According to that subsection, upon review of the record, the Court may affirm the decision of the agency or remand the case with

116846_1.DOC

EXHIBIT B

RECEIVED NOV 23 2004

instructions for further proceedings, or it may reverse or modify the decision and order if the substantial rights of the petitioner's may have been prejudiced because the administrative findings, conclusions, decisions, or orders are (1) in violation of constitutional or statutory provisions; or (2) in excess of the statutory authority or jurisdiction of the agency; or (3) made upon unlawful procedure; or (4) affected by other error of law; or (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary, or capricious, or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

The Court, having the opportunity to review the record and documents filed in this appeal and the parties having the opportunity to present their arguments, finds and rules as follow:

## ~~FINDINGS OF FACT~~

If it should later be determined ~~that any of these~~ findings of fact should be properly deemed ~~conclusions of law, they shall be deemed as such.~~

1.    In order for individuals to qualify for inclusion on the general election presidential ballot as president and vice president, the individuals must either be designated by a qualified political party or the individuals must petition to be on the presidential ballot. HRS § 11-113(c)(1) & (2).

2.    The Appellants were not designated by a qualified political party and thus needed to petition to be placed on the presidential ballot.

3.    The Chief Election Officer is statutorily authorized to promulgate administrative rules and regulations to carry out the election laws he is responsible for carrying out. HRS § 11-4.

4.    The Chief Election Officer has promulgated administrative rules to address the requirements of HRS § 11-113.

5.    The law provides that the petition shall contain the signatures of currently registered voters, which constitute not less than one per cent of the votes cast in the State at the last presidential election. HRS § 11-113.

6.    In the 2000 presidential election, 371,033 votes were cast in Hawaii. As such the signature requirement is 3,711 for the 2004 presidential petition.

7.    The law also provides that the petition shall be upon a form prescribed and provided by the Chief Election Officer. HRS § 11-113.

8.    The form is prescribed by the Chief Election Officer through administrative rule HAR § 2-51-110.

9.    The form contains the following columns for the voter to fill out (1) "Print Your Name Here," (2) "Sign the Name Under Which You Are Registered to Vote," (3) "Print the Residence Address at Which You are Registered to Vote," (4) "Birth Date," and (5) "Date Signed." There is additionally a column for the voter's "Social Security Number," however completing this column is optional. The signatory is required to provide all of the relevant information in order to verify the identity of the signature as a currently registered voter.

10.    The law provides for the manner in which it is determined whether an individual is qualified to sign the petition. HAR § 2-51-112. Specifically, the signatory is checked against the statewide voter registration system ("SVRS") to determine if he is an active registered voter. The SVRS allows for voter records to be pulled up by either social security number or name. As such, it is critical that signatories comply with the requirement of printing their name in order to avoid illegibility issues, which will result in the record not be being accessible.

11.    After the voter's record is either pulled up by name or social security number, the law provides for the manner in which the signatory will be validated: (1) if the signatory on the petition exists as an active registered voter in the SVRS, then the signatory is counted; (2) if the signatory does not exist as an active registered voter in the SVRS, then the signatory is not counted; (3) if there are duplicate signatures, and the signatory is an active registered voter, then the signatory is counted once; and (4) "if the signatory does not provide all of the required information on the petition or if the information is not legible, then the signatory may not be counted." HAR § 2-51-113(b)(1)-(4).

12.    On September 3, 2004, Appellants filed their petition to place Ralph Nader and Peter Miguel Camejo on the presidential ballot as president and vice president.

13.    The procedures of Hawaii Administrative Rules ("HAR") § 2-51-113(b)(1)-(4) were followed in verifying the signatures.

14.    Most signatories did not provide their social security number.

15.    The Court in reviewing the record found that many of the names submitted were not legible.

16.    On September 20, 2004, the Office of Elections issued a letter informing the Appellants that they had failed to meet the requisite amount of signatures necessary for inclusion on the presidential ballot.

17.    The Office of Elections in proofing its calculations, discovered that the numbers initially released needed to be revised.

18.    As such, orally on September 23, 2004, and by letter on September 24, 2004, Appellants were informed of the revised calculations.

19.    On September 23, 2004, Appellants submitted a written request for a hearing.

20.    A contested case hearing began on September 29, 2004.

21.    Over the objection of the Appellants the Chief Election Officer presided over the contested case hearing.

22.    On October 1, 2004, prior to the completion of the hearing, the parties reached a settlement.

23.    The terms of the settlement are that the invalid signatures would be reviewed in the presence of a Nader representative, who would have the opportunity during the review to flag those signatures for which the representative disputes the findings of the Office of Elections. The flagged signatures are then provided to the Chief Election Officer to review. As per the settlement agreement, the decision of the Chief Election Officer is final. The Appellants retain only the right to "challenge those Hawaii statutory or administrative rules that exceed those that are permissible under the U.S. Constitution or federal statutes, including but not limited to the Voting Rights Act of 1965, as amended or under the Hawaii Constitution."

24.    Appellants subsequently filed a lawsuit on October 8, 2004, together with fellow presidential aspirant Michael A. Peroutka, in the United States District Court for the District of Hawaii taking issue with the constitutionality of the State's requirements for signatures for presidential petitions. Nader, et al. v. Yoshina, Civ. No. 04-00611 DAE-LEK.

25.    On October 13, 2004, the U.S. District Court denied Plaintiffs' Motions for Temporary Restraining Order/Preliminary Injunction.

26.    The signature review process set forth in the settlement agreement occurred on October 7-12, 2004.

27.    Subsequently, the Chief Election Officer reviewed the findings of the Office of Elections' staff and the signatures that were flagged by the Nader representative.

28.   The Chief Election Officer issued his findings on October 18, 2004.

29.   The Chief Election Officer determined that Appellants had failed to submit the requisite number of valid signatures required by HRS § 11-113, and as such did not qualify for inclusion on the presidential ballot.

30.   On October 18, 2004, Appellants filed the present notice of appeal of the administrative decision, in which they allege essentially that the procedures followed by the Office of Elections violated due process and that the decisions by the Chief Election Officer were arbitrary, capricious, or characterized by abuse of discretion, or clearly unwarranted exercises of discretion.

## CONCLUSIONS OF LAW

If it should be later determined that any of these conclusions of law should be properly deemed findings of fact, they shall be deemed as such.

1.   Our appellate courts have repeatedly held that legislative enactments are presumptively constitutional, and a party challenging the statutory scheme has the burden of showing unconstitutionality beyond a reasonable doubt, and the constitutional defect must be clear, manifest, and unmistakable.

2.   In this case the Court cannot find that there is a clear, manifest and unmistakable constitutional defect in terms of the procedures used in verifying signatures, or in allowing the Chief Election Officer to act as the hearings officer to hear Appellants' objection to their disqualification.

3.   The Court cannot find unconstitutionality beyond a reasonable doubt, particularly because legislative enactments are presumptively constitutional, and this presumption is binding on trial courts.

116846_1.DOC                                6

4.    If a law or procedure is to be held unconstitutional, unless it is clear, manifest, and unmistakable that it is unconstitutional, it is up to the appellate courts to find unconstitutionality.

5.    The Court does not find that it is clear, manifest, and unmistakable that the relevant laws or procedures are unconstitutional.

6.    The United States Supreme Court has been held, that when a state election law imposes reasonable non-discriminatory restrictions upon the First and Fourteenth Amendment rights of voters, the state's important regulatory interest are generally sufficient to justify the restrictions. Anderson vs. Celebrezze, 470 U.S. 780 (1983).

7.    The Ninth Circuit Court of Appeals has held that Hawaii can constitutionally regulate its elections by limiting access of nonpartisan candidates to the general election ballot, and by imposing different requirements as between nonpartisan and partisan candidates. Erum v. Cayetano, 881 F.2d 689 (9th Cir. 1989). This is consistent with the United States Supreme Court prior holding which allowed different treatment of partisan versus independent candidates. American Party of Texas vs. White, 415 U.S. 767 (1974).

8.    The Court notes that the Ninth Circuit Court of Appeals has consistently held that election cases are different from ordinarily injunction cases, and interference with an election after voting has begun is unprecedented.

9.    In this case the law does allow the Chief Elections Officer to issue administrative rules and pursuant to that power the administrative rules were promulgated. HRS § 11-4.

10.    When petitions are submitted to place individuals on the presidential ballot, the Chief Election Officer or designated representative verifies the eligibility of the signatures. HAR § 2-51-113.

41. The signatory must be a registered voter in Hawaii and must appear in the statewide voter registration system as an active registered voter.

42. The same administrative rule says if the signatory does not provide all of the required information on the petition or if information is not legible, then the signatory may not be counted.

43. The Court finds these administrative rules to be reasonable restrictions,

44. The Court, having reviewed the record on appeal, does not find that the actions taken or the decisions below were arbitrary or capricious in any way.

45. The Appellants have raised the issue of the appropriateness of the Chief Election Officer conducting the underlying administrative hearing. Appellants believe it would be meaningless for the Court to consider remanding the matter to a separate hearings officer under the circumstances of the case, but instead seek for the underlying decision to be overturned.

46. In terms of due process, the Supreme Court of Hawaii has made it very clear that fundamentals of just procedure also apply to agency hearings. An independent adjudicator is essential to the attainment of the goal that justice be done, and that it be seen to be done. Sifagaloa vs. Board of Trustee, 74 Haw. 181 (1992).

47. However, the Supreme Court of Hawaii in the same case clearly held that administrators serving as adjudicators are presumed to be unbiased, and the presumption can be rebutted by a showing of disqualifying interest either pecuniary or institutional.

18. In this case the Chief Election Officer has no pecuniary interest.

19. In terms of institutional interest, the Chief Election Officer's only interest is to see that fair elections be conducted.

¶20.    As such, I do not see the type of institutional interest that would be required to overturn his decision.

## ORDER

IT IS HEREBY ORDERED that the underlying administrative decision is affirmed.

DATED: Honolulu, Hawaii, _____NOV 2 9 2004_____ 2004.

_____
JUDGE OF THE ABOVE-ENTITLED COURT

APPROVED AS TO FORM:

_____
ERIC A. SEITZ, ESQ.
Attorney for Appellants

ERIC A. SEITZ
ATTORNEY AT LAW
A LAW CORPORATION

1ST CIRCUIT COURT
STATE OF HAWAII
FILED

2005 APR -5  PM 3:58

ERIC A. SEITZ            1412
LAWRENCE I. KAWASAKI     5820
820 Mililani Street, Suite 714
Honolulu, Hawaii 96813
Telephone:       (808) 533-7434
Facsimile:       (808) 545-3608

A.N. TANAKA
CLERK

Attorneys for Appellants

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| MICHAEL A. PEROUTKA, CHUCK BALDWIN, and DAVID W. PORTER, | CIVIL NO. 04-1-1904-10 (SSM) |
| Appellants, | FINAL JUDGMENT |
| vs. | |
| DWAYNE D. YOSHINA, Chief Election Officer, State of Hawai'i | |
| Appellees. | |

## FINAL JUDGMENT

This appeal from the administrative decision of the Elections Office having been filed on October 18, 2004, and;

A decision affirming the administrative decision of the Elections Office having been filed on November 23, 2004;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Final Judgment in favor of Appellee DWAYNE D. YOSHINA, Chief Elections Officer, State of Hawai'i and against Appellants MICHAEL A.

/

/

EXHIBIT C

PEROUTKA, CHUCK BALDWIN, and DAVID W. PORTER, is entered. All other claims, counterclaims, and/or cross-claims are dismissed.

DATED:   Honolulu, Hawaii, _____4-4-05_____ .


/s/ Sabrina S. McKenna (SSM)
JUDGE OF THE ABOVE-ENTITLED COURT

APPROVED AS TO FORM:


AARON H. SCHULANER
HOLLY T. SHIKADA
Deputy Attorneys General

Attorneys for Appellee
Dwayne D. Yoshina


ERIC A. SEITZ
LAWRENCE I. KAWASAKI

Attorneys for Appellants
Michael A. Peroutka,
Chuck Baldwin, and David
W. Porter


MICHAEL A. PEROUTKA ET AL. v. DWAYNE D. YOSHINO, Civil No. 04-1-1904-10(SSM); FINAL JUDGMENT

2

ERIC A. SEITZ
ATTORNEY AT LAW
A LAW CORPORATION

ERIC A. SEITZ          1412
LAWRENCE I. KAWASAKI   5820
820 Mililani Street, Suite 714
Honolulu, Hawaii 96813
Telephone:      (808) 533-7434
Facsimile:      (808) 545-3608

Attorneys for Appellants

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

RALPH NADER, PETER MIGUEL     )   CIVIL NO. 04-1-1905-10 (SSM)
CAMEJO, and ROBERT H. STIVER, )
                              )
          Appellants,         )   FINAL JUDGMENT
                              )
     vs.                      )
                              )
DWAYNE D. YOSHINA, Chief      )
Election Officer, State of    )
Hawai'i                       )
                              )
          Appellees.          )
_____)

FINAL JUDGMENT

     This appeal from the administrative decision of the

Elections Office having been filed on October 18, 2004, and;

     A decision affirming the administrative decision of

the Elections Office having been filed on November 23, 2004;

     IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Final

Judgment in favor of Appellee DWAYNE D. YOSHINA, Chief Elections

Officer, State of Hawai'i and against Appellants RALPH NADER,

EXHIBIT  D

PETER MIGUEL CAMEJO, and ROBERT H. STIVER is entered.  All other

claims, counterclaims, and/or cross-claims are dismissed.

        DATED :     Honolulu, Hawaii, _____4-4.07_____.


                                    /s/ Sabrina S. McKenna (seal)
                                    JUDGE OF THE ABOVE-ENTITLED COURT

APPROVED AS TO FORM:


_____            _____
AARON H. SCHULANER                 ERIC A. SEITZ
HOLLY T. SHIKADA                   LAWRENCE I. KAWASAKI
Deputy Attorneys General

Attorneys for Appellee             Attorneys for Appellants
Dwayne D. Yoshina                  Ralph Nader, Peter Miguel
                                   Camejo, and Robert
                                   H.Stiver


RALPH NADER ET AL. v. DWAYNE D. YOSHINO, Civil No. 04-1-1905-
10(SSM); FINAL JUDGMENT

## CERTIFICATE OF SERVICE

I DO HEREBY CERTIFY that one copy of the within was duly served this date by hand-delivery to the following at the address listed below:

                    MARK J. BENNETT, ESQ.
                    AARON H. SCHULANER, ESQ.
                    HOLLY SHIKADA, ESQ.
                    235 S. Beretania, Street, Room 304
                    Honolulu, Hawaii 96813

                    Attorneys for Appellee
                    DWAYNE D. YOSHINA

DATED:    Honolulu, Hawaii, _____April 13, 2005_____.

                    ERIC A. SEITZ
                    LAWRENCE I. KAWASAKI

                    Attorneys for Appellants