S.C. No. 27233

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

| | |
|---|---|
| MICHAEL A. PEROUTKA, CHUCK BALDWIN, and DAVID P. PORTER,<br><br>   Appellants- Appellants,<br><br>vs.<br><br>DWAYNE D. YOSHINA, Chief Elections Officer, State of Hawaii,<br><br>   Appellee-Appellee.<br><br>―――――――――――――――――<br><br>RALPH NADER, PETER MIGUEL CAMEJO, and ROBERT H. STIVER,<br><br>   Appellants-Appellants<br><br>vs.<br><br>DWAYNE D. YOSHINA, Chief Elections Officer, State of Hawaii,<br><br>   Appellee-Appellee. | CIVIL NOS.  04-1-1904<br>            04-1-1905<br><br>APPEAL FROM THE<br>1) DECISION OF THE COURT, AND ORDERS filed on November 23, 2004<br><br>2) FINAL JUDGMENTS filed on April 5, 2005<br><br>FIRST CIRCUIT COURT<br><br>HONORABLE EDEN ELIZABETH<br>      HIFO<br>HONORABLE SABRINA McKENNA<br>Judges<br><br><br>[Consolidated with S.C. NO. 27234] |

APPELLANTS' JOINT REPLY BRIEF

CERTIFICATE OF SERVICE

ERIC A. SEITZ
ATTORNEY AT LAW
A LAW CORPORATION

ERIC A. SEITZ            1412
LAWRENCE I. KAWASAKI     5820
820 Mililani Street, Suite 714
Honolulu, Hawai'i 96813
Telephone: (808) 533-7434

EXHIBIT 13

Facsimile: (808) 545-3608

Attorneys for Appellants
MICHAEL A. PEROUTKA, CHUCK BALDWIN,
and DAVID P. PORTER, and

RALPH NADER, PETER MIGUEL CAMEJO,
and ROBERT H. STIVER

# TABLE OF CONTENTS

|   |   | Page |
|---|---|---|
| TABLE OF AUTHORITIES | | i |
| I. | ARGUMENT | 1 |
| | A. The trial court erred in determining that practices and procedures utilized and relied upon by Appellees to count and determine the validity and sufficiency of the signatures on Appellants' petitions are not unconstitutional | 1 |
| | B. The trial court erred in determining that Appellants were provided with a fair administrative hearing before an impartial and objective hearing officer. | 4 |
| II. | CONCLUSION. | 7 |

TABLE OF AUTHORITIES

CASES                                                                    Page(s)

Holmes by Holmes v. Sobol, 690 F.Supp. 154
(W.D.N.Y. 1988) . . . . . . . . . . . . . . . . . . . . . . . . .    6

In re Murchinson, 349 U.S. 133, 99 L.Ed. 942,
75 S.Ct. 623 (1955) . . . . . . . . . . . . . . . . . . . . . . .    6

In re Nomination Petition of Cooper,
643 A.2d 717 (Pa.Cmwlth. 1994). . . . . . . . . . . . . . . . . .    3

In re Nomination Petition of Mary Flaherty,
770 A.2d 327 (Pa. 2001) . . . . . . . . . . . . . . . . . . . . .    3

In re Nomination Petition of Susan M. Silcox,
674 A.2d 224 (Penn.S.Ct. 1996). . . . . . . . . . . . . . . . . .    3

Nomination Petition of Delle Donne,
779 A.2d 1 (Pa.Cmwlth. 2001). . . . . . . . . . . . . . . . . . .    3

Palaez v. Waterfront Commission of New York Harbor,
454 N.Y.S.2d 132 (2d Dep't 1982). . . . . . . . . . . . . . . . .    6

Sifagaloa v. Bd. of Trustees, Employee's
Retirement System, 74 Haw. 181 (1992) . . . . . . . . . . . . . .    4

CONSTITUTIONS, STATUTES, RULES

HAR §2-51-113(b)(4) . . . . . . . . . . . . . . . . . . . . . . .    2

HRS §11-15. . . . . . . . . . . . . . . . . . . . . . . . . . . .    3

HRS §11-21(c) . . . . . . . . . . . . . . . . . . . . . . . . . .    4

HRS §11-3 . . . . . . . . . . . . . . . . . . . . . . . . . . . .    7

HRS §11-2.6(b)(5) . . . . . . . . . . . . . . . . . . . . . . . .    7

S.C. No. 27233

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

| | |
|---|---|
| MICHAEL A. PEROUTKA, CHUCK BALDWIN, and DAVID P. PORTER,<br><br>　　　Appellants- Appellants,<br><br>vs.<br><br>DWAYNE D. YOSHINA, Chief Elections Officer, State of Hawaii,<br><br>　　　Appellee-Appellee.<br><br>―――――――――――<br><br>RALPH NADER, PETER MIGUEL CAMEJO, and ROBERT H. STIVER,<br><br>　　　Appellants-Appellants<br><br>vs.<br><br>DWAYNE D. YOSHINA, Chief Elections Officer, State of Hawaii,<br><br>　　　Appellee-Appellee. | CIVIL NOS.  04-1-1904<br>　　　　　　　　04-1-1905<br><br>APPEAL FROM THE<br>1) DECISION OF THE COURT, AND ORDERS filed on November 23, 2004<br><br>2) FINAL JUDGMENTS filed on April 5, 2005<br><br>FIRST CIRCUIT COURT<br><br>HONORABLE EDEN ELIZABETH<br>　　HIFO<br>HONORABLE SABRINA McKENNA<br>Judges<br><br>[Consolidated with S.C. NO. 27234] |

## APPELLANTS' JOINT REPLY BRIEF

V.    ARGUMENT

    A.    The trial court erred in determining that practices and procedures utilized and relied upon by Appellees to count and determine the validity and sufficiency of the signatures on Appellants' petitions are not unconstitutional

In determining the validity and sufficiency of signatures on Appellants' nomination petitions the Appellee,

DWAYNE D. YOSHINA, Chief Election Officer, Office of Elections (hereinafter referred to as "Office of Elections") does not dispute the following:

1. the Office of Elections identified signatories by his/her name and checked their voter records to determine whether the signatory is an active and properly registered voter;

2. the Office of Elections did not attempt to validate signatories by cross-referencing other identifying information on the petition, i.e., address and date of birth information with the information on the statewide voter registration system ("the Office of Elections rejected a large number of signatures as illegible 'without making a serious effort to decipher the names and/or to use other identifying information,'");

3. the Office of Elections rejected signatures of persons who did not provide all of the information provided for in the petition form or where the information was not immediately legible, and;

4. the Office of Elections rejected signatures of persons whose address on the petition did not match the address of a signatory on the statewide voter registration system.

Appellants' Joint Opening Brief, at pp. 12-15.

Appellants submit that the Office of Elections acted arbitrarily and capriciously because the procedures and practices employed by the Office of Elections were designed to eliminate names, rather than validate them.[1]

---

[1] HAR §2-51-113(b)(4) does not require the Office of Elections to reject signatories who do not provide all of the required information or if the information is not legible. Instead it gives the Office of Elections the discretion to reject such signatories (i.e., "if the signatory does not provide all of the required information on the petition or if the information is not legible, then the signatory may not be counted.").

HRS §11-15 requires all registered voters to provide their name, social security number, date of birth, and residence, including mailing address, inter alia. In the instant case the Office of Elections does not dispute the authenticity of the signatures on Appellants' petitions. Instead it rejected signatures of persons who failed to provide some of the information sought by the form of the petition or where the names and/or information was not immediately legible without attempting to verify signatories as registered voters by cross referencing the information those signatories did supply with information accessible on the statewide voter registration system. See, e.g., Nomination Petition of Delle Donne, 779 A.2d 1 (Pa.Cmwlth. 2001)(holding that a signature must be so illegible as to preclude verification); In re Nomination Petition of Cooper, 643 A.2d 717, 725 n.19 (Pa.Cmwlth. 1994)(holding that the signature and address information must be so illegible that it cannot be identified, and validated signatures by comparison to the official street address list of the board of elections).[2]

---

[2] Appellants submit that the Office of Elections' reliance on In re Nomination Petition of Susan M. Silcox, 674 A.2d 224 (Penn.S.Ct. 1996) is misplaced because in that case the election code expressly provided that in addition to signing the nomination petition the signatory is required to note his/her occupation and residence, giving city, borough or township, with street number and date of signing. In the instant case, HRS §11-113 only requires the address and date of signing of signatories.

The Office of Elections reliance on In re Nomination

3

Although HRS §11-21(c) provides that a person is not disqualified as a registered voter merely because his/her residence/address has changed since the last election, see note 2, supra, in the instant case, it is undisputed that the Office of Elections summarily rejected signatures of persons whose address on the petition did not match an address on the statewide voter registration system. No efforts were utilized to verify signatories as registered voters by cross referencing other identifying information on Appellants' nomination petitions with the information available on the statewide voter registration system. Consequently large numbers of registered voters were disenfranchised when the Office of Elections refused to validate their signatures.

B. The trial court erred in determining that Appellants were provided with a fair administrative hearing before an impartial and objective hearing officer

Appellants submit that the Court's decision in Sifagaloa v. Bd. of Trustees, Employee's Retirement System, 74 Haw. 181 (1992)(hereinafter "Sifagaloa"), is not dispositive of the question of whether Appellants were provided a fair

---

Petition of Mary Flaherty, 770 A.2d 327 (Penn.S.Ct. 2001) is also misplaced as in that case the election code required signatories to notify the voter registration commission of their new address by filing a removal notice no later than 30 days preceding an election. In the instant case HRS §11-21(c) provides that a registered voter whose residence/address has changed since the last election may, up to the date of an election, apply for transfer to the precinct of his/her new residence and vote at his/her new precinct.

iv

<mark>Case 1:04-cv-00611-ACK-LEK  Document 54-6  Filed 12/04/2007  Page 9 of 13</mark>
<mark>Case 1:04-cv-00611-ACK-LEK  Document 54-6  Filed 12/04/2007  Page 9 of 13</mark>

administrative hearing.

Safagaloa, addressed the issue of whether it was proper for an executive board to adjudicate an administrative appeal of a denial of retirement benefits where the board arguably was under a generalized duty to preserve retirement funds. It was in that context that the Court held that in the absence of a showing that an administrator had a "direct, personal, or pecuniary interest" in his/her adjudications" an administrator serving as an adjudicator is presumed to be unbiased. Id., 74 Haw. 192.

In the instant case clearly there was more than an incidental connection between the administrative and adjudicative roles played by the Chief Election Officer, Mr. Yoshina.

As noted in Appellants' Opening Brief, the Chief Election Officer first determined that the Peroutka/Baldwin Candidates did not submit sufficient signatures on their petition to qualify to have their names placed on the general election ballot for president and vice president. Then, Appellee Yoshina convened an administrative hearing to address the Peroutka/Baldwin Campaign's challenge and sat himself as the hearing officer, in effect reviewing his own previous decisions.

The resulting hearing was a farce. By virtue of his role as Chief Election Officer, Appellee Yoshina is responsible for establishing and executing the policies governing the Office of Elections, so he hardly can be presumed to be the impartial and independent fair hearing office to which Appellants

Peroutka/Baldwin were entitled. Holmes by Holmes v. Sobol, 690 F.Supp. 154, 161 (W.D.N.Y. 1988)(holding that a government official who is directly involved in establishing and executing policies governing a program cannot be presumed to be an impartial and independent fair hearing officer for the purposes of reviewing program actions). By assigning himself as the hearing officer on the Peroutka/Baldwin Candidate's challenge to the rejection of their petitions, Appellee Yoshina acted as accuser and judge in violation of Appellants' rights to due process. Palaez v. Waterfront Commission of New York Harbor, 454 N.Y.S.2d 132, 135 (2d Dep't 1982)("One of the rights secured to an accused person by the law of the land is, that his accuser shall not be at the same time his judge; that is a principle of law that is fundamental; it is the first requisite to a fair and impartial trial; it is a privilege that the law of the land guarantees to every man when his life or liberty, good name, fame or property is involved."); In re Murchinson, 349 U.S. 133, 136, 99 L.Ed. 942, 946, 75 S.Ct. 623 (1955)("[...] no man can be a judge of his own case and no man is permitted to try cases where he has an interest in the outcome. That interest cannot be defined with precision. Circumstances and relationships must be considered. This court has said, however, that every procedure which would offer a possible temptation to the average man as judge ... not to hold the balance nice, clear and true between the State and the accused, denies the latter due process of

law."). Similarly, the Nader/Camejo candidates could not have received a fair and impartial hearing and therefore were compelled to settle for still another flawed recount.

The Office of Elections reliance on the so-called "doctrine of necessity" also is misplaced in light of the provisions of HRS §11-3 authorizing the chief election officer to delegate responsibilities in state elections to the clerks of the counties or to other specified persons, and HRS §11-2.6(b)(5) authorizing members of the "Elections Appointment and Review Panel" to "[s]erve as an election judge or clerk or in a similar position to perform nonpartisan election duties as prescribed by law."

VI. CONCLUSION

For all of the foregoing reasons this Court should vacate the determinations of the trial court and remand these matters back to the trial court with directions to conduct a thorough review of the petitions construing the election code liberally so as not to deprive any candidate of the right to run for office

/

/

/

/

/

/

7

or the voters of their rights to elect the candidate of their choice.

DATED: Honolulu, Hawaii, October 11, 2005.

ERIC A. SEITZ
LAWRENCE I. KAWASAKI

Attorneys for Appellants
MICHAEL A. PEROUTKA, CHUCK BALDWIN,
and DAVID P. PORTER, and

RALPH NADER, PETER MIGUEL CAMEJO,
and ROBERT H. STIVER

## CERTIFICATE OF SERVICE

I DO HEREBY CERTIFY that two copies of the within were duly served this date by hand-delivery to the following at the address listed below:

> MARK J. BENNETT, ESQ.
> AARON H. SCHULANER, ESQ.
> HOLLY SHIKADA, ESQ.
> 235 S. Beretania, Street, Room 304
> Honolulu, Hawaii 96813
>
> Attorneys for Appellee
> DWAYNE D. YOSHINA

DATED:   Honolulu, Hawaii,   October 11, 2005   .

_____
ERIC A. SEITZ