# MICHIE'S
# HAWAII
# REVISED STATUTES
# ANNOTATED

---

### With Provision for Subsequent Pocket Parts

---

*Prepared by the Editorial Staff of the Publisher*

---

## VOLUME 1

### 2006 Replacement

---



LexisNexis®

EXHIBIT 2

quently, any burden on voters' freedom of choice and association is borne only by those who fail to identify their candidate of choice until days before the primary. Burdick v. Takushi, 504 U.S. 428, 112 S. Ct. 2059, 119 L. Ed. 2d 245, 1992 U.S. LEXIS 3404 (1992).

Hawaii's interest in avoiding the possibility of unrestrained factionalism at the general election provides adequate justification for its ban on write-in voting in November. Burdick v. Takushi, 504 U.S. 428, 112 S. Ct. 2059, 119 L. Ed. 2d 245, 1992 U.S. LEXIS 3404 (1992).

When a State's ballot access laws pass constitutional muster as imposing only reasonable burdens on First and Fourteenth Amendment rights—as do Hawaii's election laws—a prohibition on write-in voting will be presumptively valid, since any burden on the right to vote for the candidate of one's choice will be light and normally will be counterbalanced by the very state interests supporting the ballot access scheme. Burdick v. Takushi, 504 U.S. 428, 112 S. Ct. 2059, 119 L. Ed. 2d 245, 1992 U.S. LEXIS 3404 (1992).

**Hawaii promotes the two-stage, primary-general election process** of winnowing out candidates by permitting the unopposed victors in certain primaries to be designated office holders; this focuses the attention of voters upon contested races in the general election and this would not be possible, absent the write-in voting ban. Burdick v. Takushi, 504 U.S. 428, 112 S. Ct. 2059, 119 L. Ed. 2d 245, 1992 U.S. LEXIS 3404 (1992).

**Cited** in Hustace v. Doi, 60 Haw. 282, 588 P.2d 915, 1978 Haw. LEXIS 146 (1978).

### OPINIONS OF ATTORNEY GENERAL

**Change of party name.** — Although amendments, including name changes, made by a corporation are governed by statute, which provides for amendment only after two-thirds vote of all stockholders, amendments by associations, such as political parties, are governed by existing rules as enacted in their constitution and bylaws; and where the constitution and bylaws of a political party permit amendments to be made to it by the executive committee, a name change made by the executive committee of the party appears to be permissible. Op. Att'y Gen. No. 82-1 (1982).

**Use of "Democratic" in party name.** — The initial registrant of the name "Democratic Party of Hawaii" may exclusively refer to itself by this name, but the state may not prohibit the use of the word "Democratic" when another party seeks to use that as part of its party name, such as "The Independent Democratic Party of Hawaii." Op. Att'y Gen. No. 82-1 (1982).

**Blank ballots should not be counted** as votes cast when determining the qualifications of political parties under subsection (b). Op. Att'y Gen. No. 81-6 (1981).

## § 11-62. Qualification of political parties; petition.

(a) Any group of persons hereafter desiring to qualify as a political party for election ballot purposes in the State shall file with the chief election officer a petition as provided in this section. The petition for qualification as a political party shall:

(1) Be filed not later than 4:30 p.m. on the one hundred seventieth day prior to the next primary;

(2) Declare as concisely as may be the intention of signers thereof to qualify as a statewide political party in the State and state the name of the new party;

(3) Contain the name, signature, residence address, date of birth, and other information as determined by the chief election officer of currently registered voters comprising not less than one-tenth of one per cent of the total registered voters of the State as of the last preceding general election;

(4) Be accompanied by the names and addresses of the officers of the central committee and of the respective county committees of the political party and by the party rules; and

(5) Be upon the form prescribed and provided by the chief election officer.

(b) The petition shall be subject to hearing under chapter 91, if any objections are raised by the chief election officer or any other political party. All objections shall be made not later than 4:30 p.m. on the twentieth business day after the petition has been filed. The chief election officer may extend the objection period up to an additional ten business days, if the group of persons desiring to qualify as a political party is provided with notice of extension and the reasons therefore. If no objections are raised by 4:30 p.m. on the twentieth business day, or the extension thereof, the petition shall be approved. If an objection is raised, a decision shall be rendered not later than 4:30 p.m. on the thirtieth day after filing of the objection or not later than 4:30 p.m. on the one hundredth day prior to the primary, whichever shall first occur.

(c) The chief election officer may check the names of any persons on the petition to see that they are registered voters and may check the validity of their signatures. The petition shall be public information upon filing.

(d) Each group of persons desiring to qualify as a political party, having first qualified as a political party by petition under this section, and having been qualified as a political party for three consecutive general elections by petition or pursuant to section 11-61(b), shall be deemed a political party for the following ten-year period. The ten-year period shall begin with the next regularly scheduled general election; provided that each party qualified under this section shall continue to field candidates for public office during the ten-year period following qualification. After each ten-year period, the party qualified under this section shall either remain qualified under the standards set forth in section 11-61, or requalify under this section 11-62. [L 1970, c 26, pt of § 2; am L 1973, c 217, § 1(p); am L 1983, c 34, § 4; am L 1986, c 323, § 2; am L 1993, c 304, § 4; am L 1997, c 287, § 2; am L 1998, c 33, § 1; am L 1999, c 205, § 2]

## NOTES TO DECISIONS

**Access to the ballot.** — Hawaii's election laws provide for easy access to the ballot by a party. Burdick v. Takushi, 937 F.2d 415, 1991 U.S. App. LEXIS 13405 (9th Cir. 1991), aff'd, 504 U.S. 428, 112 S. Ct. 2059, 119 L. Ed. 2d 245, 1992 U.S. LEXIS 3404 (1992).

**Hawaii makes no provision for write-in voting** in its primary or general elections; however, the Hawaii election law system provides for easy access to the ballot until the cutoff date for the filing of nominating petitions, two months before the primary; consequently, any burden on voters' freedom of choice and association is borne only by those who fail to identify their candidate of choice until days before the primary. Burdick v. Takushi, 504 U.S. 428, 112 S. Ct. 2059, 119 L. Ed. 2d 245, 1992 U.S. LEXIS 3404 (1992).

Hawaii's interest in avoiding the possibility of unrestrained factionalism at the general election provides adequate justification for its ban on write-in voting in November. Burdick v. Takushi, 504 U.S. 428, 112 S. Ct. 2059, 119 L. Ed. 2d 245, 1992 U.S. LEXIS 3404 (1992).

When a State's ballot access laws pass constitutional muster as imposing only reasonable burdens on First and Fourteenth Amendment rights—as do Hawaii's election laws—a prohibition on write-in voting will be presumptively valid, since any burden on the right to vote for the candidate of one's choice will be light and normally will be counterbalanced by the very state interests supporting the ballot access scheme. Burdick v. Takushi, 504 U.S. 428, 112 S. Ct. 2059, 119 L. Ed. 2d 245, 1992 U.S. LEXIS 3404 (1992).

**Hawaii promotes the two-stage, primary-general election process** of winnowing out candidates by permitting the unopposed victors in certain primaries to be designated office holders; this focuses the attention of voters upon contested races in the general election and this would not be possible, absent the write-in voting ban. Burdick v. Takushi, 504

§ 11-63    ELECTIONS, GENERALLY    § 11-65

U.S. 428, 112 S. Ct. 2059, 119 L. Ed. 2d 245, 1992 U.S. LEXIS 3404 (1992).
    Cited in Hustace v. Doi, 60 Haw. 282, 588 P.2d 915, 1978 Haw. LEXIS 146 (1978); Erum v. Cayetano, 881 F.2d 689, 1989 U.S. App. LEXIS 11212 (9th Cir. 1989).

### § 11-63. Party rules, amendments to be filed.

All parties must file their rules with the chief election officer not later than 4:30 p.m. on the one hundred fiftieth day prior to the next primary. All amendments shall be filed with the chief election officer not later than 4:30 p.m. on the thirtieth day after their adoption. The rules and amendments shall be duly certified to by an authorized officer of the party and upon filing, the rules and amendments thereto shall be a public record. [L 1970, c 26, pt of § 2; am L 1973, c 217, § 1(q); am L 1983, c 34, § 5; am L 1986, c 323, § 3]

### § 11-64. Names of party officers to be filed.

All parties shall submit to the chief election officer and the respective county clerks not later than 4:30 p.m. on the ninetieth day prior to the next primary, a list of names and addresses of officers of the central committee and of the respective county committees. [L 1970, c 26, pt of § 2; am L 1973, c 217, § 1(r); am L 1983, c 34, § 6]

#### NOTES TO DECISIONS

Cited in Hustace v. Doi, 60 Haw. 282, 588 P.2d 915, 1978 Haw. LEXIS 146 (1978).

### § 11-65. Determination of party disqualification; notice of disqualification.

(a) Not later that 4:30 p.m. on the one hundred twentieth day after a general election, the chief election officer shall determine which parties were qualified to participate in the last general election, but which have become disqualified to participate in the forthcoming elections. Notice of intention to disqualify shall be served by certified or registered mail on the chairperson of the state central committee or in the absence of the chairperson, any officer of the central committee of the party, as shown by the records of the chief election officer. In addition, public notice of intention to disqualify shall also be given.

(b) If an officer of the party whose name is on file with the chief election officer desires a hearing on the notice of intention to disqualify, the officer of the party shall, not later than 4:30 p.m. on the tenth day after service by mail or not later than 4:30 p.m. on the tenth day after the last day upon which the public notice is given in any county, whichever is later, file an affidavit with the chief election officer setting forth facts showing the reasons why the party should not be disqualified. The chief election officer shall call a hearing not later than twenty days following receipt of the affidavit. The chief election officer shall notify by certified or registered mail the officer of the party who filed the affidavit of the date, time, and place of the hearing. In addition, public notice of the hearing shall be given not later than five days prior to the day of

171