# JOURNAL

of the

## SENATE OF THE

## TWENTIETH LEGISLATURE

of the

## STATE OF HAWAII



SUPREME COURT
LAW LIBRARY
FEB 0 8 2000
State of Hawaii

### Regular Session of 1999

Convened Wednesday, January 20, 1999
Adjourned Tuesday, May 4, 1999

EXHIBIT 5

SENATE JOURNAL - STANDING COMMITTEE REPORTS

(6) Deleting a provision that would have deleted portions of the current campaign spending law limiting the use of surplus campaign contributions;

(7) Changing the effective date for the provision requiring eletronic filing to apply to candidates who will appear on the ballot for the 2004 election; and

(8) Making technical, non-substantive amendments for the purposes of clarity and style.

As affirmed by the record of votes of the members of your Committee on Judiciary that is attached to this report, your Committee is in accord with the intent and purpose of S.B. No. 630, as amended herein, and recommends that it pass Second Reading in the form attached hereto as S.B. No. 630, S.D. 1, and be placed on the calendar for Third Reading.

Signed by the Co-Chairs on behalf of the Committee.
Ayes, 6. Noes, none. Excused, 1 (Anderson).

**SCRep. 854**           Judiciary on S.B. No. 631

The purpose of this bill is to make it easier for a political party to qualify and operate in Hawaii. Specifically, this is accomplished by lowering the number of required signatures needed to qualify as a party from one per cent to one-tenth of one per cent of the registered voters at the last general election.

Your Committee received supporting testimony for this bill from the Office of Elections, League of Women Voters, and minority parties. Your Committee finds that the voting public may increase its participation in the electoral process if it has a greater choice in political parties. An informed electorate that participates in the election process can better understand the workings of government and reduce the current cynicism about politicians and government bureaucracy.

Your Committee has amended this bill by retaining the requirements that petitioners provide their name, signature, residence address, date of birth, and other information, rather than just their signatures. This amendment is necessary to continue to allow the Office of Elections to verify whether a voter is a qualified registered voter.

As affirmed by the record of votes of the members of your Committee on Judiciary that is attached to this report, your Committee is in accord with the intent and purpose of S.B. No. 631, as amended herein, and recommends that it pass Second Reading in the form attached hereto as S.B. No. 631, S.D. 1, and be placed on the calendar for Third Reading.

Signed by the Co-Chairs on behalf of the Committee.
Ayes, 5. Noes, none. Excused, 2 (Tanaka, Anderson).

**SCRep. 855**           Judiciary on S.B. No. 777

The purpose of this bill is to clarify certain provisions of the alternate power of sale foreclosure law and to effect substantive changes to other provisions of the law by removing certain requirements.

Your Committee finds that this measure proposes reasonable means to address concerns with the power of sale foreclosure process adopted during the 1998 legislative session. Your Committee further finds that these proposed changes will improve the efficiency of the power of sale foreclosure process and thereby reduce the time and cost of foreclosures.

Testimony in support of this measure was submitted by the Department of Commerce and Consumer Affairs, the Community Associations Institute Hawaii Chapter, the Hawaii Credit Union League, the Hawaii Council of Associations of Apartment Owners, Legal Aid Society of Hawaii, First American Long & Melone Title Company, Ltd., Title Guaranty of Hawaii, Security Title Corporation, the American Association of Retired Persons, Hawaii Bankers Association, Hawaii Financial Services Association, and four private attorneys.

Upon further consideration, your Committee has amended this measure by:

(1) Reinserting the provisions amending section 667-31(a), relating to signatories on the conveyance documents, which were inadvertently deleted during the drafting of S.B. No. 777, S.D. 1; and

(2) Making technical, non-substantive changes for the purposes of clarity and style.

As affirmed by the record of votes of the members of your Committee on Judiciary that is attached to this report, your Committee is in accord with the intent and purpose of S.B. No. 777, S.D. 1, as amended herein, and recommends that it pass Third Reading in the form attached hereto as S.B. No. 777, S.D. 2.

Signed by the Co-Chairs on behalf of the Committee.
Ayes, 6. Noes, none. Excused, 1 (Anderson).

**SCRep. 856**           Judiciary on S.B. No. 906

# JOURNAL

of the

## HOUSE OF REPRESENTATIVES

of the

## TWENTIETH LEGISLATURE
## STATE OF HAWAII

# REGULAR SESSION OF 1999

SUPREME COURT
LAW LIBRARY
DEC 07 1999
State of Hawaii

Convened Wednesday, January 20, 1999
Adjourned Tuesday, May 4, 1999

Case 1:04-cv-00611-ACK-LEK   Document 57-8   Filed 01/10/2008   Page 4 of 5

(2) Redefining the offense of murder in the second degree as reckless killing with extreme indifference to the value of human life; and

(3) Revising the extreme mental or emotional disturbance defense to one that reduces the level of the offense by only one level.

Testimony in support of this bill was received from the Attorney General, the Department of the Prosecuting Attorney of the City and County of Honolulu, the Maui County Police Department, the County of Hawaii Police Department, and the Honolulu Police Department. Testimony in opposition was received from the Office of the Public Defender.

Under current law, in a trial for murder there is a burden placed upon the prosecution to disprove the existence of an extreme mental or emotional disturbance which reduces the charge to that of manslaughter. Your Committee finds that the defendant in a prosecution for murder should carry the burden of proof to the preponderance that the defendant was at the time of the killing under the influence of extreme mental or emotional disturbance for which there is a reasonable explanation.

Your Committee has amended this bill by deleting its substance and inserting a provision which creates an affirmative defense that the defendant was, at the time the defendant caused the death of the other person, under the influence of extreme mental or emotional disturbance for which there is a reasonable explanation. Your Committee further amended this bill by deleting the effective date.

As affirmed by the record of votes of the members of your Committee on Judiciary and Hawaiian Affairs that is attached to this report, your Committee is in accord with the intent and purpose of S.B. No. 1119, S.D. 1, as amended herein, and recommends that it pass Second Reading in the form attached hereto as S.B. No. 1119, S.D. 1, H.D. 1, and be placed on the calendar for Third Reading.

Signed by all members of the Committee except Representatives Cachola, Morita, Yoshinaga and Thielen.

SCRep. 1468    Judiciary and Hawaiian Affairs on S.B. No. 630

The purpose of this bill is to:

(1) Require the reporting of late contributions;

(2) Require electronic filing by candidates as prescribed by the commission; and

(3) Restrict aggregate contributions, except those made by political parties, to no more than $25,000 in any calendar year.

Testimony in support of this bill was received from the Campaign Spending Commission, Common Cause Hawaii, Aloha Society of Association Executives, and the American Civil Liberties Union of Hawaii.

Your Committee finds that the careful reform of the campaign spending laws is necessary to increase the public's confidence in the electoral process. In certain instances, late contributions may significantly impact the outcome of an election.

Your Committee has amended this bill by deleting its substance and inserting provisions to require that aggregate campaign contributions in excess of $500 made or received during the period of fifteen days through three days prior to an election be reported to the Campaign Spending Commission or County Clerk no later than two days prior to the election.

As affirmed by the record of votes of the members of your Committee on Judiciary and Hawaiian Affairs that is attached to this report, your Committee is in accord with the intent and purpose of S.B. No. 630, S.D. 1, as amended herein, and recommends that it pass Second Reading in the form attached hereto as S.B. No. 630, S.D. 1, H.D. 1, and be placed on the calendar for Third Reading.

Signed by all members of the Committee except Representatives Hiraki, Yoshinaga and Thielen.

SCRep. 1469    Judiciary and Hawaiian Affairs on S.B. No. 631

The purpose of this bill is to make it easier for a political party to qualify and operate in Hawaii. Specifically, this is accomplished by lowering the number of required signatures on the petition to be filed with the Chief Elections Officer from one per cent to one tenth of one per cent of registered voters at the last general election in order to qualify as a political party.

Testimony in support of this measure was received from the Office of Elections, Common Cause Hawaii, The Libertarian Party of Hawaii, Hawaii Green Party, and several private citizens.

Your Committee finds it is important to encourage and facilitate the participation of new political parties to ensure the exchange of ideas through the political process.

Your Committee has amended this bill by:

(1) Deleting the purpose and findings section;

(2) Deleting the language amending the definition of "political party";

(3)  Inserting language clarifying what requirements must be met to qualify as a political party in Hawaii; and

(4)  Making technical, nonsubstantive amendments for purposes of style and clarity.

As affirmed by the record of votes of the members of your Committee on Judiciary and Hawaiian Affairs that is attached to this report, your Committee is in accord with the intent and purpose of S.B. No. 631, S.D. 1, as amended herein, and recommends that it pass Second Reading in the form attached hereto as S.B. No. 631, S.D. 1, H.D. 1, and be placed on the calendar for Third Reading.

Signed by all members of the Committee except Representatives Cachola, Chang, Hiraki, Yoshinaga and Thielen.

**SCRep. 1470**      **Judiciary and Hawaiian Affairs on S.B. No. 1502**

The purpose of this bill is to:

(1)  Require a candidate or a committee to file a report with the Campaign Spending Commission disclosing disbursements for electioneering communications over a $5,000 annual threshold, and;

(2)  Treat the expenses incidental to a fundraiser as campaign expenditures.

Testimony in support of the bill was received from the League of Women Voters of Hawaii and Common Cause Hawaii. Additional testimony was received from the Campaign Spending Commission, the Hawaii State Coordinating Council on Deafness, and the Aloha State Association of the Deaf.

Your Committee has amended this bill by:

(1)  Changing from $5,000 to $1,000 the aggregate amount for which disclosure is required; and

(2)  Deleting language that treated expenses incidental to a fundraiser as campaign expenditures.

As affirmed by the record of votes of the members of your Committee on Judiciary and Hawaiian Affairs that is attached to this report, your Committee is in accord with the intent and purpose of S.B. No. 1502, S.D. 1, as amended herein, and recommends that it pass Second Reading in the form attached hereto as S.B. No. 1502, S.D. 1, H.D. 1, and be placed on the calendar for Third Reading.

Signed by all members of the Committee except Representatives Cachola, Hiraki, Morita, Takumi and Yoshinaga.

**SCRep. 1471**      **Judiciary and Hawaiian Affairs on S.B. No. 186**

The purpose of this bill, as received, limits tort liability in breach of contract actions, and provides for the naming of fictitious defendants whose true identities cannot be ascertained with reasonable certainty at the time of filing suit.

Testimony in support of this bill was received from The Chamber of Commerce of Hawaii. Testimony in opposition in part to this bill was received from the Consumer Lawyers of Hawaii.

Your Committee finds that the provision of this bill regarding tortious breach of contract exists in Hawaii case law. Additionally, the provision of this bill regarding fictitious defendants exists in the Hawaii Rules of Civil Procedure.

Your Committee finds that a person victimized by the negligence or wrongful acts of another must be equitably compensated for those injures. At the same time, your Committee recognizes that the present system often times leaves defendants with virtually limitless exposure in many of these cases. Your Committee finds that there is need for a mechanism to discourage frivolous claims and facilitate the fair and quick resolution of meritorious claims.

Your Committee believes that these changes in the civil justice system will create the balance needed to ensure that fairness and equity prevail while improving our business climate and economy.

Your Committee has amended this bill by:

(1)  Deleting the provision regarding tortious breach of contract;

(2)  Deleting the provision permitting persons to name fictitious defendants whose identity cannot be ascertained with reasonable certainty at the time of filing the action;

(3)  Adding a purpose clause;

(4)  Adding a provision to discourage frivolous claims and defenses;

(5)  Adding a provision limiting recovery of noneconomic damages in certain tort actions to $500,000;