IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RALPH NADER, et al . )<br><br>Plaintiffs, )<br>)<br>vs. )<br>)<br>DWAYNE D. YOSHINA, Chief )<br>Election Officer, State of )<br>Hawaii, )<br>)<br>Defendant. )<br>) | CIVIL NO. 04-00611-DAE/LEK<br><br>AFFIDAVIT OF ROBERT H.<br>STIVER; EXHIBITS 1-5 |

AFFIDAVIT OF ROBERT H. STIVER

STATE OF HAWAII          )
                         ) SS.
CITY AND COUNTY OF HONOLULU )

ROBERT H. STIVER, being first duly sworn on oath, deposes and says:

(1) I am a citizen and resident of the City and County of Honolulu, State of Hawaii, and am one of the named Plaintiffs in the above entitled matter.

(2) At all times pertinent hereto I have been a registered voter in the State of Hawaii and a supporter of the candidacies of Ralph Nader and Peter Miguel Camejo for the offices of President and Vice-President of the United States.

(3) I am informed and believe that in or about July, 2004, Ralph Nader and Peter Miguel Camejo signed and submitted applications to the Chief Election Officer of the State of Hawaii, Dwayne D. Yoshina, to obtain petitions to place their

EXHIBIT 6

names on the statewide ballot for the general election to be conducted on November 2, 2004. A true and correct partial copy of the application is attached hereto as Exhibit 1.

(4) On or about September 3, 2004, the signed petitions were filed with the Office of Elections containing the names and signatures of approximately 5,600 registered voters in the State of Hawaii supporting the applications of Ralph Nader and Peter Miguel Camejo to be placed on the statewide ballot for the general election to be conducted on November 2, 2004.

(5) In a letter dated September 20, 2004, I was notified by Mr. Yoshina's office that of the signatures submitted in behalf of Ralph Nader and Peter Miguel Camejo only 3,672 were determined to be "valid," and 3,512 were determined to be "invalid" and that the number of "valid" signatures failed to satisfy the requirement of Section 11-113, Hawaii Revised Statutes, to provide at least 3,711 signatures of currently registered voters constituting one percent of the votes cast in the last presidential election. A true and correct copy of the letter dated September 20, 2004, is attached hereto as Exhibit 2.

(6) In another letter dated September 24, 2004, Mr. Yoshina informed me that the previous count of "valid" signatures was inaccurate and that the correct total is 3,124 "valid" signatures which is 587 signatures less than the mini-

-2-

mum of 3,711 needed to place the names of Ralph Nader and Peter Miguel Camejo on the statewide ballot for the general election to be conducted on November 2, 2004. A true and correct copy of the letter from Mr. Yoshina dated September 24, 2004, is attached hereto as Exhibit 3.

(7) On September 23, 2004, I sent a letter to Mr. Yoshina objecting to his decision not to place the names of Ralph Nader and Peter Miguel Camejo on the ballot and requesting a hearing thereupon. A true and correct copy of my letter dated September 23, 2004, is attached hereto as Exhibit 4.

(8) One day later Mr. Yoshina notified me by letter that a hearing would be conducted on September 29, 2004. A true and correct copy of the written hearing notice from Mr. Yoshina dated September 24, 2004, is attached hereto as Exhibit 5.

(9) At the hearing conducted by Mr. Yoshina on September 29, 2004, evidence was adduced that many of the signatures determined by the Office of Elections to be "invalid" were, in fact, the signatures of currently registered voters in the State of Hawaii whose names were difficult to read and/or who could be verified by the use of post office box addresses and other identifying information that Mr. Yoshina and his staff refused to employ.

(10) At the hearing we also objected to the requirement that persons signing the petitions provide their social security numbers, dates of birth, and other personal inform-

ation that may deter qualified registered voters from support-
ing potential candidates because of the invasion of those
voters' privacy rights and interests.

(11) At the hearing on September 29, 2004, we also
objected to the requirement that independent candidates provide
a minimum of 3,711 signatures in · order to be placed on the
statewide ballot when the candidates of recognized parties are
not similarly required to provide any signatures whatsoever.

(12) At the hearing on September 29, 2004, it was
requested that the Office of Elections re-examine the rejected
names on the petitions supporting Ralph Nader and Peter Miguel
Camejo, which Mr. Yoshina agreed to do.

(13) On October 7 and 8, 2004, I observed staff
members of the Office of Elections as they "re-examined" and
recounted the petitions submitted in behalf of Ralph Nader and
and Peter Miguel Camejo, although I was not permitted to
comment or participate in the actual process.

(14) As I observed the Office of Elections staff re-
jected a great many signatures as illegible without making a
serious effort to decipher the names and/or to use other
identifying information to attempt to validate the names.

(15) As I observed the Office of Elections staff
members routinely rejected and invalidated all names for which
post office box addresses were listed on the petitions even in
instances where the voter lists they were using contained both

-4-

a  street  address  and  a post office address which matched the
information provided by the signatories.

(16)  On the other hand, as I observed the re-examin-
ation  process  several names which previously had been rejected
by  Office  of Elections staff were accepted indicating that the
original evaluation and count was severely flawed.

(17)  From  my  direct observations the entire process
of  evaluating  and  counting names on the petitions is entirely
subjective, unreliable, and unfair.

(18)  Although the re-evaluation process is still not
completed  I  am  informed  and believe that the ultimate result
will  not  change,  and that the Office of Elections will reject
our  petitions  and refuse to place the names of Ralph Nader and
Peter  Miguel  Camejo  on the statewide ballot for the elections
to be conducted on November 2, 2004.

(19)  In  the meantime I am informed and believe that
absentee  ballots may already have been mailed out and/or other-
wise  distributed  to  voters  which do not contain the names of
Ralph Nader and Peter Miguel Camejo.

(20)  Because  of the shortness of time to remedy the
situation  I  am  informed  and  believe that the names of Ralph
Nader  and  Peter  Miguel  Camejo will not appear on ballots for
the  November  2nd  election  unless the Court immediately hears
and  determines  that  we  are  entitled to the relief sought in

this case.

_____
ROBERT H. STIVER

Subscribed and sworn to before me
this 11th day of October, 2004.



_____ (Juli T. Seitz)
Notary Public, State of Hawaii

My commission expires: Jan 4, 2008