ERIC A. SEITZ
ATTORNEY AT LAW
A LAW CORPORATION

ERIC A. SEITZ        #1412
LAWRENCE I. KAWASAKI  #5820
820 Mililani Street, Suite 714
Honolulu, Hawai'i  96813
Telephone:  (808) 533-7434

Attorneys for Plaintiffs

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

SEP 2 8 2005

at ___ o'clock and ___ min. ___ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RALPH NADER, PETER MIGUEL CAMEJO, ROBERT H. STIVER, MICHAEL A. PEROUTKA, CHUCK BALDWIN, AND DAVID W. PORTER<br><br>              Plaintiffs,<br><br>    vs.<br><br>DWAYNE D. YOSHINA, Chief Elections Officer, State of Hawaii,<br><br>              Defendant. | CIVIL NO. 04-00611 DAE/LEK<br><br>PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS; AFFIDAVIT OF ERIC A. SEITZ; EXHIBITS 1-3; CERTIFICATE OF SERVICE<br><br>HEARING:<br>Date:  October 13, 2005<br>Time:  9:00 a.m.<br>Judge: David A. Ezra<br><br>(Trial: December 13, 2005) |

PLAINTIFFS' MEMORANDUM IN OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS

I.  BACKGROUND FACTS

   A.  Plaintiff's Federal Court Claims

       On October 8, 2004 Plaintiffs RALPH NADER, PETER MIGUEL CAMEJO, ROBERT H. STIVER, MICHAEL A. PEROUTKA, CHUCK BALDWIN, and DAVID W. PORTER, initiated the instant action with the filing of their "Verified Complaint for Injunction and Declaratory Judgment" (hereinafter "Complaint") alleging the following causes of action:

EXHIBIT 10

1. The Office of Elections' requirement of a higher number of valid signatures in order to place an independent candidate on the statewide election ballot compared to the number of signatures required by candidates of recognized political parties violates the rights guaranteed to Plaintiffs by United States Constitution, and

2. The Office of Elections' failure and/or refusal to count and/or consider the names of valid signatories on the petitions presented by Plaintiffs violated the rights guaranteed to Plaintiffs by the United States Constitution.

On October 11, 2004, Plaintiffs moved for a temporary restraining order, and preliminary injunction on their claims.

By Order filed October 13, 2004, this Court denied Plaintiff's motions for temporary restraining order and preliminary injunction.

A non-jury trial on Plaintiffs' Complaint has been scheduled for December 13, 2005.

B.  <u>Plaintiffs' Claim in State Court</u>

On October 18, 2004 Plaintiffs separately appealed the decisions of the Office of Elections to the Circuit Court of the First Circuit, State of Hawaii, alleging that the <u>evaluation and counting process used by the Office of Elections</u> is severely skewed and, more likely than not, results in unfair determinations that bar potential candidates from having their names placed on the statewide ballots.  See Exhibits 1-2 attached to Affidavit of Eric A. Seitz.

By Orders filed November 23, 2004, the Circuit Court affirmed the decisions of the Office of Elections, and both of

those orders are currently under appeal to the Hawaii Supreme Court. See, Exhibit 3, attached to Affidavit of Eric A. Seitz.

For the reasons set forth below Plaintiffs submit that Defendant's motion to dismiss should be denied and that the Court, instead, should stay the proceedings herein but retain jurisdiction of Plaintiffs' federal claims pending the outcome of Plaintiffs' appeals to the Hawaii Supreme Court.

II. ARGUMENT

"When a federal court declines to exercise jurisdiction over a 42 U.S.C.A. §1983 claim on the ground of comity based on a pending state court proceeding involving the same issues, the court should nonetheless retain jurisdiction to allow a federal forum in which to address any federal claim that remains unredressed upon the termination of the state proceeding and to seek relief that is not available in the state proceedings." 15 Am. Jur.2d Civil Rights, §140, p. 353 (2000).

As Plaintiffs' pending appeals to the Hawaii Supreme will not redress Plaintiffs' federal court claim that "[t]he Office of Elections' requirement of a higher number of valid signatures in order to place an independent candidate on the statewide election ballot compared to the number of signatures required by candidates of recognized political parties violates the rights guaranteed to Plaintiffs by United States Constitution," (i.e., Plaintiffs "Second Cause of Action"), the Court should retain jurisdiction over the instant action to address Plaintiffs'

federal claim that remains unredressed upon the termination of the pending state proceedings (i.e., Plaintiffs "Second Cause of Action").

III. CONCLUSION

For the reasons set forth above Plaintiffs submit that Defendant's motion to dismiss should be denied and that the Court, instead, should stay the proceedings herein but retain jurisdiction of Plaintiffs' federal claims pending the outcome of Plaintiffs' appeals to the Hawaii Supreme Court.

DATED:   Honolulu, Hawai'i,    September 28, 2005    .

_____
ERIC A. SEITZ
LAWRENCE I. KAWASAKI

Attorneys for Plaintiffs
RALPH NADER, PETER MIGUEL CAMEJO,
ROBERT H. STIVER, MICHAEL A. PEROUTKA,
CHUCK BALDWIN, AND DAVID W. PORTER