ERIC A. SEITZ
ATTORNEY AT LAW
A LAW CORPORATION

ERIC A. SEITZ                              1412
LAWRENCE I. KAWASAKI    5820
820 Mililani Street, Suite 714
Honolulu, Hawai'i  96813
Telephone:  (808) 533-7434
Facsimile:  (808) 545-3608

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RALPH NADER, PETER MIGUEL CAMEJO, ROBERT H. STIVER, MICHAEL A. PEROUTKA, CHUCK BALDWIN, and DAVID W. PORTER, ) ) ) ) ) | CIVIL NO. 04-00611 JMS/LEK |
| ) | |
| Plaintiffs, ) ) | PLAINTIFFS' PRETRIAL STATEMENT; CERTIFICATE OF SERVICE |
| vs. ) ) | |
| DWAYNE D. YOSHINA, Chief ) Election Officer, State of Hawaii, ) ) | Final Pretrial Conference: Date:   January 22, 2008 Time:  9:00 a.m. Judge: Hon. Leslie E. Kobayashi |
| Defendants. ) _____ ) | (Trial: March 4, 2008) |

PLAINTIFFS' PRETRIAL STATEMENT

Plaintiffs RALPH NADER, PETER MIGUEL CAMEJO, ROBERT

H. STIVER (hereinafter "Nader/Camejo Campaign"),  MICHAEL A.

PEROUTKA, CHUCK BALDWIN, and DAVID W. PORTER (hereinafter

"Peroutka/Baldwin Campaign" and/or collectively referred to as "Plaintiffs"), by and through their undersigned attorneys, submit the attached Pretrial Statement pursuant to LR 16.6, LR.

I.  Jurisdiction and Venue

This case arises under the Constitution and statutes of the United States and the State of Hawaii, <u>inter</u> <u>alia</u>, and present a question of federal law thereby conferring jurisdiction upon the Court pursuant to 28 U.S.C. Sections 1331 and 1343(a), <u>inter</u> <u>alia</u>.  Any and all state law claims contained herein form a part of the same case or controversy as gives rise to Plaintiffs' federal claims and therefore fall within the Court's supplemental jurisdiction pursuant to 28 U.S.C. Section 1367.

Venue is proper pursuant to 28 U.S.C. Section 1391(b) because all of the relevant events occurred within the District of Hawai'i.

II.  Substance of Action

Plaintiffs were independent candidates for election to the office of President and Vice-President of the United States and their respective Hawaii supporters whose efforts to have the candidates' names placed on election ballots in the State of Hawaii in time for the November 2, 2004 Election were rejected due to statutes, rules, practices, and procedures of the State of Hawaii and its elections officials

that discriminate impermissibly against independent candidates and unfairly deprive Hawaii voters of the opportunities to vote for them.

III.   Undisputed Facts

1. Defendant Dwayne D. Yoshina was the Chief Elections Officer for the State of Hawaii at all times pertinent hereto.

2. On or about September 3, 2004, Plaintiff Stiver, in behalf of the Nader/Camejo Campaign, and Plaintiff Porter, in behalf of the Peroutka/Baldwin Campaigns, filed signed petitions with Defendant Yoshina for the purpose of having their respective candidates' names placed on ballots in the State of Hawaii for the presidential elections scheduled to be conducted on November 2, 2004.

3. Section 11-113(c)(2)(B), Hawaii Revised Statutes (hereinafter "HRS §___") requires applications of independent presidential and vice presidential candidates be supported by "signatures of currently registered voters which constitute not less than one percent of the votes cast in the State at the last presidential election," "by the end of the sixtieth day prior to the general election which in these cases required Plaintiffs to submit 3,711 signatures on their respective petitions by September 3, 2004.

4. Section 11-113(c)(1), HRS provides that candidates from "qualified political parties" can have their candidates names placed on the ballot by submitting an application identifying the candidates chosen by their party.

5. Section 11-62, HRS provides that any group of persons may qualify as a political party by submitting a petition containing the signatures of registered voters comprising "not less than one-tenth of one percent of the total registered voters of the State as of the last preceding general election," "by the end of the one hundred seventieth day prior to the next primary election which in these cases required groups to submit 677 signatures by April 1, 2004.

6. On or about September 20, 2004 Defendant informed the Nader/Camejo Campaign and the Peroutka/Baldwin Campaign respectively that they had failed to satisfy the requirements for having their candidates' names placed on the ballot.

7. On September 23, 2004 the Nader/Camejo Campaign requested an administrative hearing to contest and review the disqualifications of their candidates, and the Peroutka/Baldwin Campaign made a similar request on September 24, 2004.

8. On September 29, 2004 an administrative hearing commenced to address the Nader/Camejo Campaign's challenge, but prior to its conclusion the Nader/Camejo Campaign entered into a settlement agreement in which Defendant agreed to re-evaluate and recount the signatures submitted in the presence of a representative of a Nader representative.

9. In verifying the signatures on Plaintiffs' petitions if a signatory did not provide all of the required information or if the information was not immediately legible to the examiner the Office of Elections refused to count the signature without making an effort to decipher the name and/or use other identifying information, did not attempt to validate signatories by cross-referencing addresses and/or birthdates on the statewide voter registration system, rejected signatories whose address on the petition did not exactly match the address on the statewide voter registration system.

10. An administrative hearing on the Peroutka/Baldwin Campaign's challenge was conducted by Defendant on September 30, 2004, and in a letter dated October 5, 2004, Defendant informed the Peroutka/Baldwin Campaign that it had failed to satisfy the requirements for having their candidates' names placed on the ballot.

11. By letter dated October 18, 2004, Defendant informed the Nader/Camejo Campaign that it had failed to satisfy the requirements for having their candidates' names placed on the ballot.

IV.    <u>Disputed Facts</u>

All material facts are undisputed.

V.    <u>Relief Prayed</u>

An order (1) declaring that HRS §11-113(c)(2) is unconstitutional on its face and as applied to Plaintiffs; (2) declaring that the procedures used in verifying signatures on Plaintiffs' nomination petitions were arbitrary, capricious and/or were not based on any credible evidence; (3) declaring that Plaintiffs were not provided a fair administrative hearing, and; (4) restraining, prohibiting, and enjoining Defendant from enforcing and/or applying HRS §11-113(c)(2) in any future presidential election.

VI.    <u>Points of Law</u>

Whether the disparity between the signature requirement for candidates not affiliated with a political party, HRS §11-113(c)(2)(B), and the signature requirement for candidates who choose to qualify themselves as a new party, HRS §11-62(a)(3) violates the Equal Protection Clause of the Fourteenth Amendment.

Whether the procedures used by Defendant in verifying signatures on Plaintiffs' nomination petitions were unconstitutional, arbitrary, capricious and/or not based on any credible evidence; and whether Plaintiffs were provided a fair

administrative hearing.

V.	Previous Motions

Plaintiffs filed the instant action on October 8, 2004, and subsequent motions for preliminary injunction on October 11, 2004, and temporary restraining order on October 12, 2004. Plaintiffs' motions were denied after a hearing on October 13, 2004 on the grounds that the parties were currently involved in ongoing state proceedings.

Defendant then filed his answer on November 1, 2004, and the case was set for a non-jury trial on December 13, 2005.

On July 13, 2005, Defendant moved to dismiss the instant action.

On October 28, 2005 the parties stipulated and agreed to stay the proceedings herein pending resolution of Plaintiffs' appeal to the Hawaii Supreme Court.

On March 31, 2006, the Court entered an Order denying Defendant's motion to dismiss without prejudice, and on September 26, 2007 the court lifted the stay and set the case for trial on March 4, 2008.

Defendant moved to dismiss or in the alternative for summary judgment on December 4, 2007. Plaintiffs filed their opposition and cross-motion for summary judgment on January 10, 2008 and the motions are currently scheduled to be heard

on January 28, 2008.

VI.  <u>Witnesses/Length of Trial</u>

As all material facts are undisputed it is expected the action will be resolved on the parties pending cross-motions for summary judgment.

DATED:  Honolulu, Hawai'i, <u>  January 15, 2008          </u>.


    <u>   /s/ Eric A. Seitz           </u>
    ERIC A. SEITZ
    LAWRENCE I. KAWASAKI

    Attorneys for Plaintiffs
    RALPH NADER, PETER MIGUEL
    CAMEJO, ROBERT H. STIVER,
    MICHAEL A. PEROUTKA,
    CHUCK BALDWIN, AND DAVID W.
    PORTER

CERTIFICATE OF SERVICE

I DO HEREBY CERTIFY that one copy of the within was duly this date electronically via CM/ECF to the following at the address listed below:

>MARK J. BENNETT, ESQ.
>AARON H. SCHULANER, ESQ.
>HOLLY SHIKADA, ESQ.
>235 S. Beretania, Street, Room 304
>Honolulu, Hawaii 96813
>Email: aaron.h.schulaner@hawaii.gov
>
>Attorneys for Defendant
>DWAYNE D. YOSHINA

DATED:   Honolulu, Hawaii,   January 15, 2008                .


                                           /s/ Eric A. Seitz           
                                          ERIC A. SEITZ