ERIC A. SEITZ
ATTORNEY AT LAW
A LAW CORPORATION

ERIC A. SEITZ                    1412
LAWRENCE I. KAWASAKI   5820
820 Mililani Street, Suite 714
Honolulu, Hawai'i 96813
Telephone: (808) 533-7434
Facsimile: (808) 545-3608

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RALPH NADER, PETER MIGUEL CAMEJO, ROBERT H. STIVER, MICHAEL A. PEROUTKA, CHUCK BALDWIN, and DAVID W. PORTER, <br><br>Plaintiffs, <br><br>vs. <br><br>DWAYNE D. YOSHINA, Chief Election Officer, State of Hawaii, <br><br>Defendants. | CIVIL NO. 04-00611 ACK/LEK <br><br> PLAINTIFFS' PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW; CERTIFICATE OF SERVICE <br><br>Trial: March 4, 2008 <br>       9:00 a.m. <br>       Judge Alan C. Kay |

PLAINTIFFS' PROPOSED FINDINGS OF FACT
AND CONCLUSIONS OF LAW

(1) Plaintiff RALPH NADER [hereinafter "Plaintiff Nader"] is and has been a citizen and resident of the State of Connecticut and was an independent

candidate for the Office of President of the United States at all times pertinent hereto. Exhibit J-51, 0095.

(2) Plaintiff PETER MIGUEL CAMEJO [hereinafter "Plaintiff Camejo"] is and has been a citizen and resident of the State of California and was an independent candidate for the Office of Vice-President of the United States at all times pertinent hereto. Exhibit J-51, 0096.

(3) Plaintiff ROBERT H. STIVER [hereinafter "Plaintiff Stiver"] is and has been a citizen and resident of the State of Hawaii and is and has been an active supporter of the election campaign for Plaintiffs Nader and Camejo in the State of Hawaii at all times pertinent hereto. Exhibit J-49.

(4) Plaintiff MICHAEL A. PEROUTKA [hereinafter "Plaintiff Peroutka"] is and has been a citizen and resident of the State of Maryland and was an independent candidate for the Office of President of the United States at all times pertinent hereto. Exhibit J-12.

(5) Plaintiff CHUCK BALDWIN [hereinafter "Plaintiff Baldwin"] is and has been a citizen and resident of the State of Florida and was an independent candidate for the Office of Vice-President of the United States at all times pertinent hereto. Exhibit J-12.

(6) Plaintiff DAVID W. PORTER [hereinafter "Plaintiff Porter"] is

and has been a citizen and resident of the State of Hawaii and is and has been an active supporter of the elections campaigns of Plaintiffs Peroutka and Baldwin in the State of Hawaii at all times pertinent hereto. Exhibit J-13.

(7) Defendant DWAYNE D. YOSHINA [hereinafter "Defendant Yoshina"] was the Chief Election Officer for the State of Hawaii at all times pertinent hereto.

(8) In the instant action, Plaintiffs allege claims against Defendant Yoshina for violations of rights guaranteed to them under the Constitution of the United States and the State of Hawaii. Verified Complaint for Injunction and Declaratory Judgment filed herein on October 8, 2004.

(9) Article II, §1 of the Constitution of the United States gives the States the power to regulate elections of the President, this power, however, is subject to the limitation that such power may not be exercised in a way that violates other specific provisions of the Constitution. Exhibit J-25, 1261.

(10) Pursuant to the requirements of Section 11-113(c)(2)(B), Hawaii Revised Statutes, applications of independent presidential and vice presidential candidates must be supported by "signatures of currently registered voters which constitute not less than one percent of the votes cast in the State at the last presidential election," which in this case required Plaintiffs to submit

3,711 signatures on their respective petitions in order to have their candidates names placed on the ballots for the 2004 . Exhibit J-5, J-17, J-25.

(11)   A signatory on a presidential petition is required to (1) print his/her name; (2) sign the name under which he/she votes; (3) print the address at which the signatory is registered to vote; (4) indicate his/her birthdate; and (5) indicate the date signed. There is also a column for the signatory's social security number, however, providing that information is optional. Exhibits J-26, J-27.

(12)   On or about September 3, 2004, Plaintiff Stiver, in behalf of the campaigns of Plaintiffs Nader and Camejo, and Plaintiff Porter, in behalf of the campaigns of Plaintiffs Peroutka and Baldwin, filed signed petitions with Defendant Yoshina for the purposes of having their respective candidates' names placed on ballots in the State of Hawaii for the presidential elections scheduled for November 2, 2004. Exhibits J-17, J-55.

(13)   By letter dated September 20, 2004 Defendant Yoshina informed the Plaintiff Stiver that Plaintiffs Nader and Camejo's petition included 7,184 signatures, and that of those, 3,512 were determined to be "invalid" and 3,672 were "valid" which was insufficient to satisfy the 3,711 signatures required for Plaintiffs Nader and Camejo to have their names placed on the ballots in the State of Hawaii for the presidential elections scheduled for November 2, 2004.

Exhibit J-55.

(14)   By letter dated September 23, 2004 Plaintiff Stiver objected to Defendant Yoshina's determination and requested a hearing to review his Plaintiffs Nader and Camejo's disqualification. Exhibit J-57.

(15)   By letter dated September 24, 2004 Defendant Yoshina informed Plaintiff Stiver that upon further review the number of "valid" signatures on Plaintiffs Nader and Camejo's petition was 3,124 which was 587 signatures less than the 3,711 signatures required for Plaintiffs Nader and Camejo to have their names placed on the ballots in the State of Hawaii for the presidential elections scheduled for November 2, 2004. Exhibit J-58.

(16)   By letter dated September 28, 2004 Plaintiff Stiver requested Defendant Yoshina provide him with the basis upon which signatures on Plaintiffs Nader and Camejo's petition were determined to be "invalid" in order for him to prepare for the hearing on their objection to their disqualification. Exhibit J-40.

(17)   By letter dated September 28, 2004, counsel for Defendant Yoshina informed Plaintiff Stiver that his request of September 28, 2004 was denied and that Defendant Yoshina would be serving as the hearing officer at the hearing on Plaintiff Stiver's objection to Plaintiffs Nader and Camejo's disqualification. Exhibit J-39.

(18) By letter dated September 28, 2004, counsel for the Nader/Camejo Campaign Plaintiffs objected to Defendant Yoshina serving as the hearing officer on Plaintiff Stiver's objection to Defendant Yoshina's disqualification of Plaintiffs Nader and Camejo's petition. Exhibit J-64.

(19) On September 29, 2004 an administrative hearing was convened to address Plaintiff Stiver's challenge, at which time Defendant Yoshina agreed to re-evaluate the signatures submitted by the Nader/Camejo Campaign which had previously been determined to be invalid. Exhibit J-36.

(20) Following its review on October 7-12, 2004, by letter dated October 18, 2004, Defendant Yoshina informed the Nader/Camejo Campaign that an additional 193 signatures were determined to be valid, and as a result it was determined that the Nader/Camejo Campaign petition contained 3,338 valid signatures, which fell short of the 3,711 signatures required by 373 signatures. Exhibit J-36.

(21) By letter dated September 20, 2004 Defendant Yoshina informed Plaintiff Porter that Plaintiffs Peroutka and Baldwin's petition included 7,195 signatures, and that of those, 3,714 were determined to be "invalid" and 3,481 were "valid" which was insufficient to satisfy the 3,711 signatures required for Plaintiff's Peroutka and Baldwin to have their names placed on the ballots in

the State of Hawaii for the presidential elections scheduled for November 2, 2004. Exhibit J-17.

(22)  By letter dated September 24, 2004 Defendant Yoshina informed Plaintiff Porter that upon further review the number of "valid" signatures on Plaintiffs Peroutka and Baldwin's petition was 3,471 which was 240 signatures less than the 3,711 signatures required for Plaintiffs Peroutka and Baldwin to have their names placed on the ballots in the State of Hawaii for the presidential elections scheduled for November 2, 2004. Exhibit J-18.

(23)  By letter dated September 24, 2004 Plaintiff Porter objected to Defendant Yoshina's determination and requested a hearing to review Plaintiffs Peroutka and Baldwin's disqualification. Exhibit J-19.

(24)  On September 30, 2004 Defendant Yoshina served as the hearing officer at an administrative hearing convened to address the Plaintiff Porter's objection to Plaintiffs Peroutka and Baldwin's disqualification. Exhibit J-3.

(25)  At the hearing a staff member of Defendant Yoshina's office testified that another recount of the number of valid signatures on Plaintiffs Peroutka and Baldwin's petition which had been performed earlier that morning identified additional valid signatures on Appellants' petition, and as a result

Defendant Yoshina determined that Plaintiffs Peroutka and Baldwin's petition contained 3,477 valid signatures, which was insufficient to satisfy the 3,711 signatures required for Plaintiffs Peroutka and Baldwin to have their names placed on the ballots in the State of Hawaii for the presidential elections scheduled for November 2, 2004. Exhibit J-3.

(26) By letter dated October 1, 2004, Plaintiff Porter requested Defendant Yoshina's office re-examine the rejected names on the petition submitted on behalf of Plaintiffs Peroutka and Baldwin with Plaintiff Porter present. Exhibit J-31.

(27) By letter dated October 4, 2004, counsel for Defendant Yoshina informed Plaintiff Porter that his request for a re-examination of the rejected names was denied. Testimony of Counsel for Defendant.

(28) In verifying the signatures on Plaintiffs' petitions it is undisputed that because few signatories provided their social security numbers on Plaintiffs' petitions, if a signatory's name was not immediately legible to the examiner Defendant Yoshina's office refused to count the signature without making an attempt to identify the signatory by cross-referencing other identifying information on the petition with the statewide voter registration system. Testimony of Lori Tomczyk, Plaintiffs Stiver and Porter.

(29) Where a signatory's name could be determined but the signatory did not provide all of the required information on the petition Defendant Yoshina's office refused to count the signature. Testimony of Lori Tomczyk, Plaintiffs Stiver and Porter.

(30) Where a signatory's name could be determined but signatory's address on the petition did not exactly match the address of the signatory on the statewide voter registration system Defendant Yoshina's office refused to count the signature without making an attempt to confirm the signatory's status as an active registered voter by cross-referencing other identifying information on the petition with the statewide voter registration system. Testimony of Lori Tomczyk, Plaintiffs Stiver and Porter.

(31) It also is undisputed that after Defendant Yoshina initially determined that Plaintiffs had not submitted a sufficient number of signatures on their respective petitions, Defendant Yoshina convened the administrative hearings to address Plaintiffs' objections and sat as the hearing officer, in effect, reviewing his own previous decisions. Exhibits J-3, J-39, Testimony of Plaintiffs Stiver and Porter.

(32) The Court finds that this action falls within this Court's federal question jurisdiction under 28 U.S.C.S. §1331.

(33) The Court finds that Plaintiffs have shown that Defendant's review of Plaintiffs' petitions was arbitrary, capricious and/or not based on any credible evidence and violated Plaintiffs' rights under the First and Fourteenth Amendments. Williams v. Rhodes, 393 U.S. 23, 21 L.Ed.2d 24, 89 S.Ct. 5 (1968); Anderson v. Celebrezze, 460 U.S. 780, 75 L.Ed.2d 547, 103 S.Ct. 1564 (1983); E.g., In re Nader, 858 A.2d 1167 (Pa. 2004); State v. Zimmerman, 130 N.W.2d 753, 757 (Wis. 1964)("Respondent would have no right to reject the filing of these nomination papers because of paste-ons in the absence of possession of some fact tending to rebut such presumption of regularity."); State v. Lesueur, 38 S.W. 325, 328 (Mo. 1896)("We have indulged a liberal intendment in favor of many on the principle of idem sonans [...]"); Compare, Nomination Petition of Delle Donne, 779 A.2d 1 (Pa.Cmwlth. 2001)(a signature must be so illegible as to preclude verification); In re Nomination Petition of Cooper, 643 A.2d 717, 725 (Pa.Cmwlth. 1994)("Serious doubts regarding the genuineness of signatures challenged as fraudulent were resolved in favor of Cooper since the court was not absolutely convinced that these signatures were not genuine."); In re Nomination Petition of Cooper, 643 A.2d 717, 725, n. 19 (Pa.Cmwlth. 1994)(identification of these signatures was attempted by comparison to the unofficial street list of the Philadelphia County Board of Elections); In re Driscoll, 847 A.2d 144 (Pa.

2004)(holding that a candidate's incorrect listing of his address on his nomination petition is not a material defect because he is not required to live in the congressional district to run as representative of that district).

(34) The Court finds that Plaintiffs have shown that they were not provided a fair administrative hearing on their objections to Defendant's disqualification of their candidates in violation of their rights to Due Process under the Constitution. Sifagaloa v. Bd. of Trustees, Employee's Retirement System, 74 Haw. 181 (1992); Palaez v. Waterfront Commission of New York Harbor, 454 N.Y.S.2d 132, 135 (2d Dep't 1982)("One of the rights secured to an accused person by the law of the land is, that his accuser shall not be at the same time his judge; that is a principle of law that is fundamental; it is the first requisite to a fair and impartial trial; it is a privilege that the law of the land guarantees to every man when his life or liberty, good name, fame or property is involved."); Cf. Holmes by Holmes v. Sobol, 690 F.Supp. 154, 161 (W.D.N.Y. 1988)(holding that a government official who is directly involved in establishing and executing policies governing a program cannot be presumed to be an impartial and independent fair hearing officer for the purposes of reviewing program actions); In re Murchinson, 349 U.S. 133, 136, 99 L.Ed. 942, 946, 75 S.Ct. 623 (1955)("[...] no man can be a judge of his own case and no man is permitted to try cases where he

has an interest in the outcome. That interest cannot be defined with precision. Circumstances and relationships must be considered. This court has said, however, that every procedure which would offer a possible temptation to the average man as judge ... not to hold the balance nice, clear and true between the State and the accused, denies the latter due process of law.").

(35) The Court therefore enters judgment declaring that Defendant Yoshina's failure and refusal to place the names of Plaintiffs Nader, Camejo, Peroutka and Baldwin on ballots for the statewide election conducted in the State of Hawaii on November 2, 2004, was arbitrary and capricious and violates rights guaranteed to the Plaintiffs by the Constitution of the United States.

(36) The Court also awards Plaintiff their attorneys fees and costs in an amount to be determined upon application to the Court.

DATED:   Honolulu, Hawai'i, _____, 2008.


_____
JUDGE OF THE ABOVE ENTITLED COURT


RALPH NADER, ET AL. v. DWAYNE D. YOSHINA, CIVIL NO. 04-00611 JMS/LEK, PLAINTIFFS' PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

## CERTIFICATE OF SERVICE

I DO HEREBY CERTIFY that one copy of the within was duly this date electronically via CM/ECF to the following at the address listed below:

>MARK J. BENNETT, ESQ.
>AARON H. SCHULANER, ESQ.
>HOLLY SHIKADA, ESQ.
>235 S. Beretania, Street, Room 304
>Honolulu, Hawaii 96813
>Email: aaron.h.schulaner@hawaii.gov
>
>Attorneys for Defendant
>DWAYNE D. YOSHINA

DATED:   Honolulu, Hawaii, February 27, 2008.

/s/ Eric A. Seitz
ERIC A. SEITZ