ERIC A. SEITZ
ATTORNEY AT LAW
A LAW CORPORATION

ERIC A. SEITZ                    1412
LAWRENCE I. KAWASAKI   5820
820 Mililani Street, Suite 714
Honolulu, Hawai'i  96813
Telephone:  (808) 533-7434
Facsimile:  (808) 545-3608

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RALPH NADER, PETER MIGUEL CAMEJO, ROBERT H. STIVER, MICHAEL A. PEROUTKA, CHUCK BALDWIN, and DAVID W. PORTER,<br><br>                    Plaintiffs,<br><br>          vs.<br><br>DWAYNE D. YOSHINA, Chief Election Officer, State of Hawaii,<br><br>                    Defendants.<br>_____ | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL NO. 04-00611 ACK/LEK<br><br><br>PLAINTIFFS' AMENDED PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW; CERTIFICATE OF SERVICE<br><br><br>Trial: March 10, 2008<br>        9:00 a.m.<br>        Judge Alan C. Kay |

PLAINTIFFS' AMENDED PROPOSED FINDINGS OF FACT
AND CONCLUSIONS OF LAW

(1)    Plaintiff RALPH NADER [hereinafter "Plaintiff Nader"] is and

has been a citizen and resident of the State of Connecticut and was an independent

candidate for the Office of President of the United States at all times pertinent hereto.  Exhibit J-51, 0095.

(2)    Plaintiff PETER MIGUEL CAMEJO [hereinafter "Plaintiff Camejo"] is and has been a citizen and resident of the State of California and was an independent candidate for the Office of Vice-President of the United States at all times pertinent hereto.  Exhibit J-51, 0096.

(3)    Plaintiff ROBERT H. STIVER [hereinafter "Plaintiff Stiver"] is and has been a citizen and resident of the State of Hawaii and is and has been an active supporter of the election campaign for Plaintiffs Nader and Camejo in the State of Hawaii at all times pertinent hereto.  Exhibit J-49.

(4)    Plaintiff MICHAEL A. PEROUTKA [hereinafter "Plaintiff Peroutka"] is and has been a citizen and resident of the State of Maryland and was an independent candidate for the Office of President of the United States at all times pertinent hereto.  Exhibit J-12.

(5)    Plaintiff CHUCK BALDWIN [hereinafter "Plaintiff Baldwin"] is and has been a citizen and resident of the State of Florida and was an independent candidate for the Office of Vice-President of the United States at all times pertinent hereto.  Exhibit J-12.

(6)    Plaintiff DAVID W. PORTER [hereinafter "Plaintiff Porter"] is

2

and has been a citizen and resident of the State of Hawaii and is and has been an active supporter of the elections campaigns of Plaintiffs Peroutka and Baldwin in the State of Hawaii at all times pertinent hereto.  Exhibit J-13.

(7)    Defendant DWAYNE D. YOSHINA [hereinafter "Defendant Yoshina"] was the Chief Election Officer for the State of Hawaii at all times pertinent hereto.

(8)    In the instant action, Plaintiffs allege claims against Defendant Yoshina for violations of rights guaranteed to them under the Constitution of the United States and the State of Hawaii.  Verified Complaint for Injunction and Declaratory Judgment filed herein on October 8, 2004.

(9)    Article II, §1 of the Constitution of the United States gives the States the power to regulate elections of the President, this power, however,  is subject to the limitation that such power may not be exercised in a way that violates other specific provisions of the Constitution.  Exhibit J-25, 1261.

(10)    Pursuant to the requirements of  Section 11-113(c)(2)(B), Hawaii Revised Statutes, applications of independent presidential and vice presidential candidates must be supported by "signatures of currently registered voters which constitute not less than one percent of the votes cast in the State at the last presidential election," which in this case required Plaintiffs to submit

3

3,711 signatures on their respective petitions in order to have their candidates

names placed on the ballots for the 2004 .  Exhibit J-5, J-17, J-25.

(11)    Section 2-51-113(b), Hawaii Administrative Rules provides

that to be eligible to sign a presidential petition a signatory "must appear in the

statewide voter registration system as an active registered voter."  Exhibit J-29.

(12)    Defendant's petition form requires a signatory on a presidential

petition to (1) print his/her name; (2) sign the name under which he/she votes; (3)

print the address at which the signatory is registered to vote; (4) indicate his/her

birthdate; and (5) indicate the date signed.  There is also a column for the

signatory's social security number, however, providing that information is

optional.  Exhibits J-26, J-27.

(13)    On or about September 3, 2004, Plaintiff Stiver, in behalf of the

campaigns of Plaintiffs Nader and Camejo, and Plaintiff Porter, in behalf of the

campaigns of Plaintiffs Peroutka and Baldwin, filed signed petitions with

Defendant Yoshina for the purposes of having their respective candidates' names

placed on ballots in the State of Hawaii for the presidential elections scheduled for

November 2, 2004.  Exhibits J-17, J-55.

(14)    By letter dated September 20, 2004 Defendant Yoshina

informed Plaintiff Stiver that Plaintiffs Nader and Camejo's petition included

4

7,184 signatures, and that of those, 3,512 were determined to be "invalid" and 3,672 were "valid" which was insufficient to satisfy the 3,711 signatures required for Plaintiffs Nader and Camejo to have their names placed on the ballots in the State of Hawaii for the presidential elections scheduled for November 2, 2004. Exhibit J-55.

(15)    By letter dated September 23, 2004 Plaintiff Stiver objected to Defendant Yoshina's determination and requested a hearing to review Plaintiffs Nader and Camejo's disqualification.  Exhibit J-57.

(16)    By letter dated September 24, 2004 Defendant Yoshina informed Plaintiff Stiver that upon further review the number of "valid" signatures on Plaintiffs Nader and Camejo's petition was 3,124 which was 587 signatures less than the 3,711 signatures required for Plaintiffs Nader and Camejo to have their names placed on the ballots in the State of Hawaii for the presidential elections scheduled for November 2, 2004.  Exhibit J-58.

(17)    By letter dated September 28, 2004 Plaintiff Stiver requested Defendant Yoshina provide him with the basis upon which signatures on Plaintiffs Nader and Camejo's petition were determined to be "invalid" in order for him to prepare for the hearing on their objection to their disqualification.  Exhibit J-40.

(18)    By letter dated September 28, 2004, counsel for Defendant

Yoshina informed Plaintiff Stiver that his request of September 28, 2004 was denied and that Defendant Yoshina would be serving as the hearing officer at the hearing on Plaintiff Stiver's objection to Plaintiffs Nader and Camejo's disqualification.  Exhibit J-39.

(19)    By letter dated September 28, 2004, counsel for the Nader/Camejo Campaign Plaintiffs objected to Defendant Yoshina serving as the hearing officer on Plaintiff Stiver's objection to Defendant Yoshina's disqualification of Plaintiffs Nader and Camejo's petition.  Exhibit J-64.

(20)    On September 29, 2004 an administrative hearing was convened to address Plaintiff Stiver's challenge, at which time Defendant Yoshina agreed to re-evaluate the signatures submitted by the Nader/Camejo Campaign which had previously been determined to be invalid.  Exhibit J-36.

(21)    Following its review on October 7-12, 2004, by letter dated October 18, 2004, Defendant Yoshina informed the Nader/Camejo Campaign that an additional 193 signatures were determined to be valid, and as a result it was determined that the Nader/Camejo Campaign petition contained 3,338 valid signatures, which fell short of the 3,711 signatures required by 373 signatures. Exhibit J-36.

(22)    By letter dated September 20, 2004 Defendant Yoshina

informed Plaintiff Porter that Plaintiffs Peroutka and Baldwin's petition included

7,195 signatures, and that of those, 3,714 were determined to be "invalid" and

3,481 were "valid" which was insufficient to satisfy the 3,711 signatures required

for Plaintiff's Peroutka and Baldwin to have their names placed on the ballots in

the State of Hawaii for the presidential elections scheduled for November 2, 2004.

Exhibit J-17.

(23)   By letter dated September 24, 2004 Defendant Yoshina

informed Plaintiff Porter that upon further review the number of "valid" signatures

on Plaintiffs Peroutka and Baldwin's petition was 3,471 which was 240 signatures

less than the 3,711 signatures required for Plaintiffs Peroutka and Baldwin to have

their names placed on the ballots in the State of Hawaii for the presidential

elections scheduled for November 2, 2004.  Exhibit J-18.

(24)   By letter dated September 24, 2004 Plaintiff Porter objected to

Defendant Yoshina's determination and requested a hearing to review Plaintiffs

Peroutka and Baldwin's disqualification.  Exhibit J-19.

(25)   On September 30, 2004 Defendant Yoshina served as the

hearing officer at an administrative hearing convened to address Plaintiff Porter's

objection to Plaintiffs Peroutka and Baldwin's disqualification.  Exhibit J-3.

(26)   At the hearing a staff member of Defendant Yoshina's office

testified that another recount of the number of valid signatures on Plaintiffs
Peroutka and Baldwin's petition which had been performed earlier that morning
identified additional valid signatures on Appellants' petition, and as a result
Defendant Yoshina determined that Plaintiffs Peroutka and Baldwin's petition
contained 3,477 valid signatures, which was insufficient to satisfy the 3,711
signatures required for Plaintiffs Peroutka and Baldwin to have their names placed
on the ballots in the State of Hawaii for the presidential elections scheduled for
November 2, 2004. Exhibit J-3.

   (27) By letter dated October 1, 2004, Plaintiff Porter requested
Defendant Yoshina's office re-examine the rejected names on the petition
submitted on behalf of Plaintiffs Peroutka and Baldwin with Plaintiff Porter
present. Exhibit J-31.

   (28) By letter dated October 4, 2004, counsel for Defendant
Yoshina informed Plaintiff Porter that his request for a re-examination of the
rejected names was denied. Testimony of Counsel for Defendant.

   (29) In verifying the signatures on Plaintiffs' petitions it is
undisputed that because few signatories provided their social security numbers on
Plaintiffs' petitions, if a signatory's name was not immediately legible to the
examiner Defendant Yoshina's office refused to count the signature without

making an attempt to identify the signatory by cross-referencing other identifying information on the petition with the statewide voter registration system. Testimony of Lori Tomczyk, Plaintiffs Stiver and Porter.

(30)    Where a signatory's name could be determined but the signatory did not provide all of the required information on the petition Defendant Yoshina's office refused to count the signature without making an attempt to confirm the signatory's status as an active registered voter by cross-referencing other identifying information on the petition with the statewide voter registration system. Testimony of Lori Tomczyk, Plaintiffs Stiver and Porter.

(31)    Where a signatory's name could be determined and the signatory provided a post office box address on the petition Defendant Yoshina's office refused to count the signature without making an attempt to confirm the signatory's status as an active registered voter by cross-referencing other identifying information on the petition with the statewide voter registration system. Testimony of Plaintiffs Stiver and Porter.

(32)    Where a signatory's name could be determined but the signatory's address on the petition did not exactly match the address of the signatory on the statewide voter registration system Defendant's office refused to count the signature without making an attempt to confirm the signatory's status as

an active registered voter by cross-referencing other identifying information on the petition with the statewide voter registration system.  Testimony of Lori Tomczyk, Plaintiffs Stiver and Porter.

(33)    Although Section 11-113(c)(2)(B), Hawaii Revised Statutes requires that signatories on petitions of independent presidential and vice presidential candidates be "currently registered voters," it does not prescribe the specific method by which it is to be determined that a signatory is a "currently registered voter."  Exhibit J-5.

(34)    Section 2-51-113(b), Hawaii Administrative Rules provides that to be eligible to sign a presidential petition the signatory "must appear in the statewide voter registration system as an active registered voter."  Exhibit J-29.

(35)    Section 2-51-113(b)(4), Hawaii Administrative Rules provides that if a signatory "does not provide all of the required information on the petition or if the information is not legible, then the signatory may not be counted." Exhibit J-29, See also, Exhibit J-26, J-27.

(36)    There is no legal authority for disqualifying a signatory whose name appears in the statewide voter registration system on the basis that the signatory provided a post office box address or mailing address on the petition.

(37)    Defendant has a standard practice of rejecting all signatories

who provided post office box or mailing addresses on a petition without making an attempt to confirm the signatory's status as an active registered voter by cross-referencing other identifying information on the petition with the statewide voter registration system.   Compare, Exhibit J-25 (page 5 0f 10), J-50 (page 5 of 10).

(38)   A significant portion of Hawaii's registered voters rely on post office boxes or other addresses to receive their mail because they live in rural areas without a residential street address, and/or have recently moved residences.

(39)   The law does not require the rejection of a signatory whose name appears on the statewide voter registration system who does not provide all of the required information on a petition.  ¶35, Supra.

(40)   Defendant has a standard practice of rejecting all signatories who do not provide all of the required information on a petition without making an attempt to confirm the signatory's status as an active registered voter by cross-referencing identifying information on the petition with the statewide voter registration system.

(41)   There is no legal authority for disqualifying a signatory whose name appears in the statewide voter registration system on the basis that other information the signatory provided on a petition is not exactly consistent with the information on the statewide voter registration system.

11

(42)    Defendant has a standard practice of rejecting all signatories who provide any information on the petition that is not exactly consistent with the information on the statewide voter register system without making an attempt to confirm the signatory's status as an active registered voter by cross-referencing other identifying information on the petition with the statewide voter registration system.  Exhibit J-25 (page 5 of 10), J-50 (page 5 of 10).

(43)    It is undisputed that after Defendant Yoshina initially determined that Plaintiffs had not submitted a sufficient number of signatures on their respective petitions, Defendant Yoshina convened the administrative hearings to address Plaintiffs' objections and sat as the hearing officer, in effect, reviewing his own previous decisions. Exhibits J-3, J-39, Testimony of Plaintiffs Stiver and Porter.

(44)    The Court finds that this action falls within this Court's federal question jurisdiction under 28 U.S.C.S. §1331.

(45)    The Court finds that Defendant's practice of rejecting signatories whose names were not immediately legible without making an attempt to identify the signatory by cross-referencing other identifying information on the petition with the statewide voter registration system is arbitrary and capricious.

(46)    The Court finds that Defendant's practice of rejecting

signatories who provided post office box or mailing addresses on a petition is arbitrary and capricious.

(47)   The Court finds that Defendant's practice of rejecting signatories who do not provide all of the required information on the petition is arbitrary and capricious.

(48)   The Court finds that Defendant's practice of rejecting signatories who provide any information on the petition which not exactly consistent with the information on the statewide voter registration system is arbitrary and capricious.

(49)   The Court finds that Defendant's review of Plaintiffs' petitions violated Plaintiff's rights under the First and Fourteenth Amendments.  Williams v. Rhodes, 393 U.S. 23, 21 L.Ed.2d 24, 89 S.Ct. 5 (1968); Anderson v. Celebrezze, 460 U.S. 780, 75 L.Ed.2d 547,  103 S.Ct. 1564 (1983); E.g., In re Nader, 858 A.2d 1167 (Pa. 2004); State v. Zimmerman, 130 N.W.2d 753, 757 (Wis. 1964)("Respondent would have no right to reject the filing of these nomination papers because of paste-ons in the absence of possession of some fact tending to rebut such presumption of regularity."); State v. Lesueur, 38 S.W. 325, 328 (Mo. 1896)("We have indulged a liberal intendment in favor of many on the principle of idem sonans [...]"); Compare, Nomination Petition of Delle Donne,

779 A.2d 1 (Pa.Cmwlth. 2001)(a signature must be so illegible as to preclude verification); In re Nomination Petition of Cooper, 643 A.2d 717, 725 (Pa.Cmwlth. 1994)(identification of signatures attempted by comparison to unofficial street list of the Board of Elections, and resolving doubts regarding the genuineness of signatures challenged as fraudulent in favor of nominee since the court was not absolutely convinced that these signatures were not genuine."); Cf., In re Driscoll, 847 A.2d 144 (Pa. 2004)(holding that a candidate's incorrect listing of his address on his nomination petition is not a material defect because he is not required to live in the congressional district to run as representative of that district).

(50)    The Court finds that Plaintiffs have shown that they were not provided a fair administrative hearing on their objections to Defendant's disqualification of their candidates in violation of their rights to Due Process under the Constitution.  Sifagaloa v. Bd. of Trustees, Employee's Retirement System, 74 Haw. 181 (1992); Palaez v. Waterfront Commission of New York Harbor, 454 N.Y.S.2d 132, 135 (2d Dep't 1982)("One of the rights secured to an accused person by the law of the land is, that his accuser shall not be at the same time his judge; that is a principle of law that is fundamental; it is the first requisite to a fair and impartial trial; it is a privilege that the law of the land guarantees to

every man when his life or liberty, good name, fame or property is involved."); Cf.

Holmes by Holmes v. Sobol, 690 F.Supp. 154, 161 (W.D.N.Y. 1988)(holding that

a government official who is directly involved in establishing and executing

policies governing a program cannot be presumed to be an impartial and

independent fair hearing officer for the purposes of reviewing program actions); In

re Murchinson, 349 U.S. 133, 136, 99 L.Ed. 942, 946, 75 S.Ct. 623 (1955)("[...] no

man can be a judge of his own case and no man is permitted to try cases where he

has an interest in the outcome.  That interest cannot be defined with precision.

Circumstances and relationships must be considered.  This court has said,

however, that every procedure which would offer a possible temptation to the

average man as judge ... not to hold the balance nice, clear and true between the

State and the accused, denies the latter due process of law.").

     (51)   The Court therefore enters judgment declaring that Defendant

Yoshina's failure and refusal to place the names of Plaintiffs Nader, Camejo,

Peroutka and Baldwin on ballots for the statewide election conducted in the State

of Hawaii on November 2, 2004, was arbitrary and capricious and violated rights

guaranteed to the Plaintiffs by the Constitution of the United States.

     (52)   The Court also awards Plaintiff their attorneys fees and costs in

an amount to be determined upon application to the Court.

DATED:    Honolulu, Hawai'i, _____, 2008.


_____
JUDGE OF THE ABOVE ENTITLED COURT


RALPH NADER, ET AL. v. DWAYNE D. YOSHINA,  CIVIL NO. 04-00611
JMS/LEK, PLAINTIFFS' PROPOSED FINDINGS OF FACT AND
CONCLUSIONS OF LAW

16

<u>CERTIFICATE OF SERVICE</u>

I DO HEREBY CERTIFY that one copy of the within was duly served this

date electronically via CM/ECF to the following at the address listed below:

MARK J. BENNETT, ESQ.
AARON H. SCHULANER, ESQ.
HOLLY SHIKADA, ESQ.
235 S. Beretania, Street, Room 304
Honolulu, Hawaii 96813
Email: <u>aaron.h.schulaner@hawaii.gov</u>

Attorneys for Defendant
DWAYNE D. YOSHINA

DATED:     Honolulu, Hawaii,  <u>March 5, 2008</u>             .


 <u>/s/ Eric A. Seitz</u>
ERIC A. SEITZ