IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RALPH NADER, PETER MIGUEL CAMEJO, ROBERT H. STIVER, MICHAEL A. PEROUTKA, CHUCK BALDWIN, AND DAVID W. PORTER,<br><br>     Plaintiffs,<br><br>          v.<br><br>KEVIN B. CRONIN, Chief Election Officer, State of Hawaii,<br><br>     Defendant. | Civ. No. 04-00611 ACK-LEK |

ORDER

There is an appeal pending before the Hawaii Supreme Court which involves virtually the same constitutional issues as the case before this court. That appeal is designated as Hawaii Supreme Court No. 27233: Ralph Nader, et al. and Michael A. Peroutka, et al., Appellants v. Kevin B. Cronin, Chief Election Officer, State of Hawaii, Appellee. Similar to the claims in this case, the Appellants in the appeal were not permitted to have their names included on the ballot in the 2004 presidential election because the State of Hawaii Elections Office concluded they had failed to submit a sufficient number of valid supporting signatories. Mr. Nader has announced that he plans to run for president in this years election.

Because of concerns regarding the fast-approaching election, this Court has held a two day bench trial in the case before it, with the parties being informed that this Court deemed it prudent and appropriate to defer from making any ruling until the Hawaii Supreme Court issues its decision in the above-referenced appeal, and that this Court was conducting a trial now as a safety net for the parties in the event the Hawaii Supreme Court does not rule in sufficient time for the presidential election to proceed in an orderly manner which would allow any interested parties to petition to be on the ballot.

This Court noted that the Ninth Circuit, in Burdick v. Takushi, 846 F.2d 587 (9th Cir. 1988) vacated Judge Harold Fong's summary judgment order and ordered a Pullman abstention until the state courts ruled regarding Hawaii's ban on write-in votes. As in the present case, Pullman abstention had not been raised in the lower court but the Ninth Circuit held that it could not be waived. In Burdick there was no pending state action, and accordingly Judge Fong certified the question to the Hawaii Supreme Court.

The Ninth Circuit has adopted a three-part test to determine whether Pullman abstention is warranted. First, the proper resolution of the state law question at issue must be uncertain. Second, a definitive ruling on the state issue must potentially obviate the need for constitutional adjudication by

2

the federal court. Third, the complaint must touch upon a sensitive area of social policy upon which the federal courts ought not to enter unless no alternative to its adjudication is open. Id.

This Court then asked counsel for the Plaintiffs and Chief Election Officer of the State of Hawaii for their opinion as to what would be the latest date for the Hawaii Supreme Court to rule in order to allow sufficient time for the presidential election to proceed in an orderly and timely manner which would allow any interested parties to petition to be on the ballot. Both counsel agreed such latest date would be June 2, 2008, and that after that date the time restraints would be such as to trigger the third prong of the Pullman test since no alternative to federal court adjudication would be open.

Accordingly, this Court will abstain from issuing its Findings of Fact and Conclusions of Law and Decision until after the Supreme Court rules on the appeal before it, unless the Hawaii Supreme Court does not rule by June 2, 2008. A copy of this Order will be forwarded to the Hawaii Supreme Court.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, __March 18__, 2008.

_____
Judge of the above-entitled Court

3